558 So.2d 1092 (1990)
Dwight TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1523.
District Court of Appeal of Florida, Fifth District.
March 29, 1990.
*1093 Ronald E. Fox, Umatilla, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Colin Campbell, Asst. Atty. Gen., Daytona Beach, for appellee.
GOSHORN, Judge.
Dwight Stewart Taylor raises numerous issues arising from his conviction for possession of a firearm by a convicted felon[1] and his sentence as a habitual felony offender. While affirming his conviction, we reverse his sentence for the reason discussed below.
In 1988 the legislature amended section 775.084, the habitual offender statute, to define an habitual offender as a defendant upon whom the court may impose an extended term of imprisonment if it finds, inter alia, that the defendant has previously been convicted of two or more felonies in this state. § 775.084(1)(a), Fla. Stat. (Supp. 1988).[2] Taylor contends that enhancement of his sentence as an habitual offender requires the State to prove not merely that Taylor was convicted of two prior felonies, but that the second felony conviction was imposed for a crime committed after the initial felony conviction. Taylor's assertion is correct. In Joyner v. State, 158 Fla. 806, 30 So.2d 304 (1947), the Florida Supreme Court announced the rule that a second conviction relied upon by the State to sentence a defendant as an habitual offender must be subsequent to the defendant's preceding conviction. This rule continues to be followed. Lovett v. Cochran, 137 So.2d 572 (Fla. 1962); Harvey v. Mayo, 72 So.2d 385 (Fla. 1954), cert. denied, 349 U.S. 965, 75 S.Ct. 898, 99 L.Ed. 1287 (1955); Perry v. Mayo, 72 So.2d 382 (Fla. 1954); Snowden v. State, 449 So.2d 332 (Fla. 5th DCA 1984), quashed on other grounds, 476 So.2d 191 (Fla. 1985); Shead v. State, 367 So.2d 264 (Fla. 3d DCA 1979). In the case sub judice, although the State did prove that Taylor had been previously convicted of 12 felonies, each felony was contained in the same judgment of conviction. Thus, none of the felonies could have been committed after conviction of an initial felony and the court erred in enhancing Taylor's sentence.
We do not address the other issues raised by Taylor on appeal because we find them to be without merit.
Conviction AFFIRMED; sentence REVERSED and REMANDED for resentencing.
DAUKSCH and HARRIS, JJ., concur.
NOTES
[1] § 790.25, Fla. Stat. (1987).
[2] The statute was again amended in 1989 to provide, in pertinent part:

The defendant was again previously convicted of any combination of two or more felonies in this state or any other qualified offense. [Emphasis added].