567 So.2d 552 (1990)
Daniel E. CREWS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2467.
District Court of Appeal of Florida, Fifth District.
October 4, 1990.
Daniel E. Crews, Daytona Beach, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David G. Mersch, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
In 1989 the defendant was sentenced as an habitual offender based on five prior felony convictions all entered on November 25, 1987. In 1990, this court, in Taylor v. State, 558 So.2d 1092 (Fla. 5th DCA 1990) held that, to qualify under the habitual offender statute, a second prior felony had to have occurred after conviction for a first prior felony.
If the defendant does not qualify as an habitual offender, the twenty-five year term of incarceration he received would exceed the general statutory maximum for the offense of robbery, a second degree felony, which is fifteen years incarceration. While the defendant was sentenced before Taylor v. State, his appeal was pending at the time Taylor was decided. Therefore, the defendant is entitled to have Taylor applied in this case, to have his sentence vacated, and to have his habitual offender adjudication reconsidered in light of Taylor.
The defendant's scoresheet indicates prior felonies in addition to those entered on November 25, 1987. Therefore, upon resentencing, the State may be able, and should be given the opportunity, to establish that the defendant qualifies as an habitual offender as interpreted in Taylor.
We reverse the habitual offender adjudication and the defendant's sentence as an habitual offender and remand for further proceedings.
REVERSED and REMANDED.
COBB, J., and DANIEL, C.W., Judge, Retired, concur.