571 So.2d 560 (1990)
Charles Brian BERNARD, Appellant,
v.
STATE of Florida, Appellee.
No. 90-193.
District Court of Appeal of Florida, Fifth District.
December 20, 1990.
James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James N. Charles, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
Bernard appeals from the three, ten-year concurrent sentences he received for three third degree felonies in two criminal cases. He entered into a plea bargain with the state in which he agreed to be sentenced as an habitual offender. The sentences imposed exceeded the statutory maximum, if Bernard did not qualify for sentencing as an habitual offender.[1] He did not. Thus, we must quash the sentences.
After Bernard was sentenced, but while this appeal was pending, this court decided Taylor v. State, 558 So.2d 1092 (Fla. 5th *561 DCA 1990). Taylor clarified our view that in order to qualify as an habitual offender pursuant to the 1988 version of the statute,[2] it must be established that a defendant has been convicted of two or more felonies, and that at least one conviction relied upon occurred subsequent to a prior conviction. This version of the statute applies in this case also, because Bernard committed his offenses for which he is being sentenced in June of 1989, prior to the effective date of the 1989 amendment.[3]
Unlike Taylor, in this case, the state proved Bernard was convicted of numerous crimes contained in three informations and three separate judgments were rendered. However, as in Taylor, Bernard was sentenced for these crimes on the same day and he served the sentences concurrently. Therefore, the holding in Taylor applies to this case.
In Taylor, this court relied on Joyner v. State, 158 Fla. 806, 30 So.2d 304 (1947), which announced the same principle in interpreting an analogous habitual offender enhancement statute. The court in Joyner stated that requiring that one of the prior convictions be subsequent to (as opposed to simultaneous with) the other prior conviction effectuates the purpose of the statute to protect society against habitual criminals who persist in committing crimes after having been convicted and punished for previous crimes. "It is contemplated that an opportunity for reformation is to be given after each conviction." Id., 30 So.2d at 306 (emphasis added).
Although it is likely that the prior crimes in the three informations used in this case were committed at discrete times, and perhaps defendant was tried separately on the charges, it is abundantly clear that defendant was sentenced the same day for all of the prior convictions, and served all of his sentences concurrently. Thus, he had no separate opportunity to reform after each conviction. Under Taylor, the defendant therefore does not meet the habitual offender criteria.
Since the sentences imposed in this case exceed the statutory maximum, they cannot stand, even though based on a plea bargain. See Williams v. State, 500 So.2d 501 (Fla. 1986), clarified in Quarterman v. State, 527 So.2d 1380 (Fla. 1988) (a trial court cannot impose an illegal sentence based on an invalid reason to depart from the guidelines, even though the defendant agrees); Griner v. State, 524 So.2d 487 (Fla. 2d DCA 1988) (sentence of thirty years for second degree felony of escape is illegal and fact that sentence was negotiated is immaterial since a defendant may not agree to an unlawful sentence); Allen v. State, 515 So.2d 256 (Fla. 1st DCA 1987), quashed on other grounds, 526 So.2d 69 (Fla. 1988) (sentence of six years for third degree felony vacated since defendant cannot confer on court authority to impose illegal sentence); Broomfield v. State, 514 So.2d 1135 (Fla. 5th DCA 1987) (trial court cannot impose illegal sentence pursuant to plea bargain). Further, although the sentences imposed fall within the "permitted range" based on Bernard's "score", they exceed the statutory maximum. In such a situation, the statutory maximum controls. Fla.R.Crim.P. 3.701d.10.
Accordingly, we quash the sentences imposed in this case, and remand for further proceedings. Since other misdemeanor sentences were also imposed for other crimes as a part of the plea bargain, they also must be vacated. On remand, the parties stand released from their plea bargain. At its option, the state may renegotiate another agreement with the defendant within the statutory maximum, without reference to the habitual offender statute. See, e.g., State v. Viele, 559 So.2d 1304 *562 (Fla. 4th DCA 1990); Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981).
Convictions AFFIRMED; sentences VACATED; REMANDED for further proceedings.
DAUKSCH and GRIFFIN, JJ., concur.
NOTES
[1] § 775.084, Fla. Stat. (Supp. 1988).
[2] Section 775.084(1)(a), Florida Statutes (Supp. 1988) states:

(1) `Habitual felony offender' means ...
(a) The defendant has previously been convicted of two or more felonies in this state.
[3] Section 775.084(1)(a), Florida Statutes (1989) provides:

(1) `Habitual felony offender' means ...
(a) The defendant has previously been convicted of any combination of two or more felonies in this state or other qualified offenses.