W. SHARP, Judge.
Leboeuf appeals his conviction for robbery and his enhanced sentence (pursuant to the habitual offender statute) of thirty years. The crimes for which he was being sentenced were committed on February 15, 1989, while the 1988 version of the habitual offender statutes was in effect,[1] and prior to the time the 1989 habitual offender statute became law.[2] We strike the sentence and remand for resentencing, on the au *560 thority of Taylor v. State, 558 So.2d 1092 (Fla. 5th DCA 1990).
The record here establishes that Leboeuf was previously convicted of multiple crimes committed during February and March of 1984, but was adjudicated and sentenced on one day for all of them. Thus, as in Taylor, the state failed to prove that Leboeuf had been previously convicted of two prior felonies, and that a second felony conviction was imposed for a crime committed after the initial felony conviction.
Accordingly, we vacate the sentence and remand for resentencing. In all other regards, we affirm the judgment.
AFFIRMED; sentence VACATED and REMANDED for resentencing.
PETERSON and GRIFFIN, • JJ., concur.

. Section 775.084(l)(a)l, Florida Statutes (Supp. 1988) states:
The defendant has previously been convicted of two or more felonies in this state.

. Section 775.084(l)(a)l, Florida Statutes (1989) states:
*560 The defendant has previously been convicted of any combination of two or more felonies in this state or other qualified offenses.