PER CURIAM.
After pleading guilty to two counts of grand theft,[1] defendant Jose A. Reyes was convicted and sentenced as an habitual felony offender to consecutive five year terms of incarceration. We conclude that the trial court erred in classifying defendant as an habitual offender and, therefore, reverse.
Defendant committed the grand theft offenses on January 31, 1989 and March 21, 1989, and was sentenced on September 13, 1989. Therefore, defendant was sentenced under the habitual offender statute as amended in 1988. See Ch. 88-131, Laws of Fla. Under that statute, in order to classify a defendant as an habitual offender, it must be shown that the defendant was previously convicted of two or more felonies. § 775.084(l)(a)l., Fla.Stat. (Supp.1988).
Defendant argues that the trial court erred in sentencing him as an habitual offender because his two prior felony convictions were both rendered March 27, 1987. In Taylor v. State, 558 So.2d 1092 (Fla. 5th DCA 1990), this court held that, with regard to the requirement of two prior felonies, the state must show that the second prior conviction was imposed for an offense committed after the date of the initial prior conviction. In Taylor, the defendant had previously been convicted of twelve felonies, but each felony was contained in the same judgment of conviction. Thus, none of the prior felonies could have been committed after the date of the initial felony conviction. See also Leboeuf v. State, 571 So.2d 559 (Fla. 5th DCA 1990); Walker v. State, 567 So.2d 546 (Fla. 2d DCA 1990). In the instant case, since both prior felonies resulted in convictions rendered on March 27, 1987, the second prior felony could not have been committed after the date of the initial felony conviction. Therefore, the trial court erred in sentencing defendant as an habitual offender.
We realize that the trial court sentenced the defendant before we decided Taylor and, consequently, did not have the benefit of our holding in that case.
We do not address the other issues raised by the defendant on appeal since we find them to be without merit.
Judgments AFFIRMED; sentences REVERSED and cause REMANDED for re-sentencing.
COWART, GOSHORN and DIAMANTIS, JJ., concur.

. § 812.014, Fla.Stat. (1988).