576 So.2d 901 (1991)
Joe RAZZ, Appellant,
v.
STATE of Florida, Appellee.
No. 90-671.
District Court of Appeal of Florida, First District.
March 26, 1991.
Nancy A. Daniels, Public Defender and Wayne H. Mitchell, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
On December 8, 1989, appellant pled nolo contendere to two counts of sale and delivery of crack cocaine. The state thereafter gave notice that it was seeking enhanced sentencing under the habitual offender statute, section 775.084(1), Florida Statutes (1989), on the grounds that appellant had been convicted of two prior felonies as required by section 775.084(1)(a)1. At the sentencing hearing held on January 31, 1990, the state introduced into evidence a certified copy of a judgment showing appellant was convicted of two prior counts of robbery with a firearm. However, since the judgment of conviction introduced by the state clearly shows that appellant was convicted of the two counts of robbery on the same day we must reverse appellant's enhanced sentence and remand the case for resentencing. Just recently in Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991) (en banc), we reaffirmed, for purposes of *902 the 1988 amended statute, the long-standing view that habitualization must be supported by sequential convictions. Moreover, as noted by Judge Zehmer in his specially concurring opinion, nothing in the language of section 775.084(1)(a)1., as amended in 1989 "clearly and unambiguously demonstrates any legislative intent to change these established legal principles governing the construction and application of the habitual offender statute." Nevertheless, we certify the following question as one of great public importance:
WHETHER SECTION 775.084(1)(a)1, FLORIDA STATUTES (1989), WHICH DEFINES HABITUAL FELONY OFFENDERS AS THOSE WHO HAVE "PREVIOUSLY BEEN CONVICTED OF ANY COMBINATION OF TWO OR MORE FELONIES IN THIS STATE OR OTHER QUALIFIED OFFENSES," REQUIRES THAT EACH OF THE FELONIES BE COMMITTED AFTER CONVICTION FOR THE IMMEDIATELY PREVIOUS OFFENSE?
Because we have reversed appellant's sentence, we need not reach his second point questioning whether the 1989 habitual offender statute is constitutional.
REVERSED and REMANDED for resentencing.
SMITH, J., and WENTWORTH, Senior Judge, concur.