580 So.2d 638 (1991)
Ozell DEBOSE, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 90-2377.
District Court of Appeal of Florida, Fifth District.
March 28, 1991.
Rehearing Denied June 19, 1991.
*639 Ozell Debose, Jr., Raiford, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David S. Morgan, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Judge.
Ozell Debose, Jr. appeals the summary denial of his Rule 3.850 motion. He contends that applying the habitual felon law to him on the basis of prior convictions constitutes double jeopardy;[1] that the habitual offender classification was error because the prior convictions were entered on the same date; and that the court failed to provide sufficient reasons for applying the habitual felony sentencing to him. We reverse.
When a trial court summarily denies a motion for post-conviction relief without holding an evidentiary hearing or attaching portions of the record to refute the allegations, review is limited to determining whether, accepting the allegations as true, the motion shows that the defendant is not entitled to relief. Davis v. State, 571 So.2d 118 (Fla. 5th DCA 1990); see also Smothers v. State, 555 So.2d 452 (Fla. 5th DCA 1990) (unless a motion is legally insufficient on its face, the trial court must attach portions of the record conclusively showing defendant is not entitled to relief).
In Taylor v. State, 558 So.2d 1092 (Fla. 5th DCA 1990), this court held that in order to qualify as a habitual offender under the 1988 version of the habitual offender statute, the State must establish that the defendant has been convicted of two or more felonies, and the sentences on those two or more felonies must not have been entered on the same date. See also LeBoeuf v. State, 571 So.2d 559 (Fla. 5th DCA 1990); Bernard v. State, 571 So.2d 560 (Fla. 5th *640 DCA 1990); Crews v. State, 567 So.2d 552 (Fla. 5th DCA 1990). The rationale behind these cases is that the purpose of the habitual offender statute is to protect society against habitual criminals who continue to commit crimes after having been convicted and punished for previous crimes. The statute contemplates that an opportunity for rehabilitation is to be given after each conviction. A defendant who has been sentenced the same day, even on convictions having occurred at separate times, has had no separate opportunity to reform after each conviction. See Joyner v. State, 158 Fla. 806, 30 So.2d 304 (1947).
In 1989, section 775.084(1)(a) was amended to provide that the State need only show that the defendant was convicted of any combination of two or more felonies. The effective date of this amendment was October 1, 1989. See Ch. 89-280, §§ 1 and 12. Since there is no reference to the date of the offense, the record does not show conclusively that the 1989 amendment applies in this case.
In its ruling, the trial court denied the motion, finding that it was an issue which could have been raised on direct appeal. While this would ordinarily act to bar claims in a subsequent 3.850 proceeding, Rule 3.850 expressly provides that "[a] motion to vacate a sentence which exceeds the limits provided by law may be filed at any time." If appellant does not qualify as a habitual offender, the thirty year and ten year incarcerative terms he received would exceed the general statutory maximum for the two counts of burglary of a dwelling (normally second degree felonies with a fifteen year statutory maximum) and one count of burglary of a structure (a third degree felony with a five year statutory maximum). Furthermore, while appellant was sentenced before Taylor was issued, his appeal was decided after Taylor. Therefore, appellant was entitled to have Taylor applied to his case, if it was applicable. See Crews v. State, supra.
The State acknowledges that case law out of this court supports the above reading of Rule 3.850. Yates v. State, 509 So.2d 1249 (Fla. 5th DCA 1987) (notwithstanding the State's claim that the issue was waived because it could have been raised on direct appeal, "[I]t seems to us that any sentencing error which could result in defendant's incarceration for a longer period than is permitted by law can also be raised in a Rule 3.850 proceeding."). But see Dreyer v. State, 532 So.2d 733 (Fla. 2d DCA 1988).
Appellant alleges that the court failed to make specific findings of fact that show an enhanced sentence was necessary to protect the public from appellant's further criminal conduct. Appellant claims that mere reference to his prior criminal history and a conclusory statement is insufficient, citing Pugh v. State, 547 So.2d 289 (Fla. 1st DCA 1989). In Pugh, the court held that the trial court must provide specific reasons in support of its conclusion that an enhanced sentence is necessary for the protection of the public.
In Parker v. State, 546 So.2d 727 (Fla. 1989), the supreme court held that the trial court's findings that appellant was a habitual offender were not required to be in writing so long as the expressed findings required by the statute were made at the reported hearing. Furthermore, in Power v. State, 568 So.2d 511 (Fla. 5th DCA 1990), this court noted that while the 1989 version of the habitual offender statute no longer required that the trial court find that a defendant pose a threat to public safety, other necessary findings survived the 1988 amendment. Again the record does not conclusively show that the 1989 amendment should be applied.
The trial court did not attach portions of the record refuting appellant's allegations regarding the impropriety of the habitual offender classification, but merely held that this was an issue which could have been raised on appeal. As this issue goes to the legality of appellant's sentence, it has not been waived.
Since appellant's motion is legally sufficient, the cause is remanded to the trial court to either attach portions of the record *641 refuting his claims, or hold an evidentiary hearing regarding the claims.
REVERSED and REMANDED.
DAUKSCH and DIAMANTIS, JJ., concur.
NOTES
[1] We reject Debose's argument that double jeopardy prevents the court's consideration of his prior convictions in determining whether he is a habitual offender. See King v. State, 557 So.2d 899 (Fla. 5th DCA 1990), rev. denied, 564 So.2d 1086 (Fla. 1990); Washington v. Mayo, 91 So.2d 621 (Fla. 1956).