PER CURIAM.
We vacate the defendant’s sentence as an habitual violent felony offender (section 775.084(4)(b)2., Florida Statutes) imposed on remand after our reversal in Taylor v. State, 558 So.2d 1092 (Fla. 5th DCA 1990) *969 of the defendant’s original sentence as an habitual felony offender (section 775.-084(4)(a)2., Florida Statutes), because the sentence after remand constitutes punishment more harsh than the sentence reversed on the first appeal (the habitual violent felony offender includes a 10 year minimum mandatory sentence) and, is therefore prone to discourage appeals in violation of constitutional due process and the dictates of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
SENTENCE VACATED; CAUSE REMANDED FOR RESENTENCING.
COWART, GRIFFIN and DIAMANTIS, JJ., concur.