PER CURIAM.
ON MOTION FOR REHEARING
We grant appellant’s motion for rehearing and substitute the following opinion for our February 6, 1991 opinion:
We affirm in all respects, except we reverse the appellant’s sentence as an habitual felony offender and remand for resen-tencing within the guidelines. We originally recognized that all his prior convictions took place on the same date and therefore, he did not have the required two or more sequential felony convictions to be classified as an habitual felony offender. Taylor v. State, 558 So.2d 1092 (Fla. 5th DCA 1990). However, relying on McNair v. State, 563 So.2d 804 (Fla. 3d DCA 1990), we affirmed the sentence because we considered such error to be harmless as appellant’s sentence as an habitual felony offender still fell within the sentencing guidelines. Upon further reflection, we realize that one’s status as an habitual felony offender encompasses more than just an enhanced sentence. The classification eliminates prison gain-time and parole consideration. See § 775.084(4)(e), Fla.Stat. (1989). *419 Therefore, we conclude that such error was not harmless. Consequently, we acknowledge that this opinion conflicts with McNair.
Further, the record reflects that appellant served 520 days but received credit for only 402 days for time served and no credit for gain-time. Thus, the trial judge is directed to credit appellant for all the time he served plus his accrued gain-time. See State v. Green, 547 So.2d 925 (Fla.1989).
AFFIRMED IN PART, REVERSED IN PART AND REMANDED FOR RESEN-TENCING.
GUNTHER and GARRETT, JJ., and JAMES H. WALDEN, Senior Judge, concur.