578 So.2d 887 (1991)
Michael FULLER, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2421.
District Court of Appeal of Florida, First District.
May 3, 1991.
*888 Barbara M. Linthicum, Public Defender, Kathleen Stover, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Edward C. Hill, Jr., Asst. Atty. Gen., for appellee.
ERVIN, Judge.
Appellant, Michael Fuller, challenges his sentences as a habitual felony offender under the 1989 statute. We agree with appellant that he was improperly sentenced as such and therefore reverse.
Appellant, as part of a plea agreement, agreed to plead no contest to certain criminal charges, including grand theft, possession of drug paraphernalia, possession of cocaine, resisting arrest without violence, and numerous burglary counts.[1] The plea was made with the understanding that the state was seeking habitual offender sentencing, but would not recommend a sentence greater than fifteen years.[2] The plea was accepted and appellant was subsequently sentenced as a habitual felony offender in accordance with the plea agreement.
Appellant contends that the trial court erred by sentencing him as a habitual offender, because the predicate prior felony convictions relied on therefor occurred on the same date. See Joyner v. State, 158 Fla. 806, 30 So.2d 304 (1947); Shead v. State, 367 So.2d 264 (Fla. 3d DCA 1979). The state counters, arguing that an amendment to the statute effective October 1, 1989, clearly permits a defendant to be habitualized under the statute regardless of whether the qualifying convictions were entered simultaneously. Specifically, the state argues that whereas the 1988 version of Section 775.084(1), Florida Statutes, defined a habitual felony offender as including a defendant who had "previously been convicted of two or more felonies in this state," which this court in Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991), interpreted as requiring sequential convictions, the 1989 definition includes a defendant who has "previously been convicted of any combination of two or more felonies in this state or other qualified offenses[.]" (Emphasis added.) This "any combination" language, the state argues, overrules prior constructions of the statute requiring sequential convictions for habitualization purposes.
We cannot agree with the state's position. The sequential conviction requirement is one of long standing. Nothing in the 1989 amendment addresses the timing of the qualified offenses. If the legislature intended to overrule the sequential conviction requirement, it was obligated to do so in unmistakable language. Barnes, at 759-62. See also State ex rel. Housing Auth. of Plant City v. Kirk, 231 So.2d 522, 524 (Fla. 1970). Moreover, it appears that *889 the sole intent of the 1989 amendment was to expand the definition of "qualified offenses" to include out-of-state offenses with elements and penalties similar to offenses in this state. See §§ 775.084(1)(a)1, .084(1)(c), Fla. Stat. (1989); Ch. 89-280, § 1, Laws of Fla.; Staff of Fla.H.R.Comm. on Crim.Just., S.B. 582 1989 Staff Analysis 2 (final). Absent any express language or clear legislative intent to overrule the sequential conviction requirement, we hold that habitualization must be supported by sequential convictions under the 1989 version of section 775.084. Consequently, because all of appellant's previous convictions occurred on the same day, appellant does not qualify as a habitual offender and his enhanced sentences therefor must be reversed. Nevertheless, in accordance with Razz v. State, 576 So.2d 901 (Fla. 1st DCA 1991), we certify the following question to the supreme court as one of great public importance:
WHETHER SECTION 775.084(1)(a)1, FLORIDA STATUTES (1989), WHICH DEFINES HABITUAL FELONY OFFENDERS AS THOSE WHO HAVE "PREVIOUSLY BEEN CONVICTED OF ANY COMBINATION OF TWO OR MORE FELONIES IN THIS STATE OR OTHER QUALIFIED OFFENSES," REQUIRES THAT EACH OF THE FELONIES BE COMMITTED AFTER CONVICTION FOR THE IMMEDIATELY PREVIOUS OFFENSE?
Alternatively, the state argues that appellant's habitual felony offender sentences should be affirmed, because he received the sentences for which he bargained. The fact that the sentences were entered in accordance with the terms of a plea agreement does not, however, compel affirmance for the reason that once appellant's status as a habitual felony offender is vacated, the sentences for certain of the underlying predicate offenses exceed the statutory maximum. For example, the third degree felony convictions carry a statutory maximum punishment of five years,[3] yet appellant received ten-year sentences therefor. Consequently, these sentences must be reversed, even though based on a plea bargain. Bernard v. State, 571 So.2d 560, 561 (Fla. 5th DCA 1990). This is so because defendant cannot confer on a court the authority to impose an illegal sentence. Larson v. State, 572 So.2d 1368, 1371 (Fla. 1991); Williams v. State, 500 So.2d 501, 503 (Fla. 1986), clarified in Quarterman v. State, 527 So.2d 1380 (Fla. 1988); State v. Rhoden, 448 So.2d 1013, 1016 (Fla. 1984); Poppell v. State, 509 So.2d 390, 390 (Fla. 1st DCA 1987).
Because we have determined that appellant cannot be sentenced as a habitual offender, the second and third issues appellant raised regarding the trial court's failure to make the requisite habitual offender findings and the constitutionality of the habitual offender statute are moot and require no discussion.
Finally, appellant complains that the trial court erroneously substituted his written plea acknowledgment for the oral sentencing colloquy required by Florida Rule of Criminal Procedure 3.172(c). Appellant concedes, however, that he was not prejudiced by the trial court's action. In the absence of an allegation of prejudice or manifest injustice to the defendant, the trial court's failure to adhere to rule 3.172 is an insufficient basis for reversal. Fitzpatrick v. State, 414 So.2d 1121 (Fla. 1st DCA 1982).
The sentences imposed are quashed and the case remanded for further proceedings consistent with this opinion. On remand, the parties will stand released from their plea bargain.
Convictions AFFIRMED; sentences VACATED and REMANDED for further proceedings.
MINER, J., concurs.
JOANOS, J., concurs in results only without written opinion.
NOTES
[1] All crimes charged, with the exception of the resisting arrest and paraphernalia charges which are misdemeanors, were third degree felonies.
[2] Appellant's presumptive guidelines sentence was seven-to-ten years.
[3] § 775.082(3)(d), Fla. Stat. (1989).