578 So.2d 11 (1991)
Eric Ryan GOODMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 90-302.
District Court of Appeal of Florida, First District.
March 26, 1991.
On Motion for Certification May 9, 1991.
Barbara M. Linthicum, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen.; Bradley R. Bischoff, Asst. Atty. Gen., for appellee.
PER CURIAM.
Pursuant to his plea of nolo contendere, the appellant was sentenced as an habitual offender pursuant to Section 775.084(1)(a), Florida Statutes (1988 Supp). On appeal he raises two issues: (1) Section 775.084 is violative of Article I, Sections 9 and 16 of the Florida Constitution, and the Fourteenth Amendment of the United States Constitution; and (2) appellant should not have been classified as an habitual felony offender because the two prior convictions had been entered at the same time.
As to the first issue, we affirm on the authority of Bouie v. State, 570 So.2d 1148 (Fla. 1st DCA 1990), and Atkinson v. State, 570 So.2d 1147 (Fla. 1st DCA 1990), citing to Smith v. State, 567 So.2d 55 (Fla. 2d DCA 1990); Arnold v. State, 566 So.2d 37 (Fla. 2d DCA 1990); Roberts v. State, 559 So.2d 289 (Fla. 2d DCA 1990), dismissed 564 So.2d 488 (Fla. 1990); King v. State, 557 So.2d 899 (Fla. 5th DCA 1990), rev. denied, 564 So.2d 1086 (Fla. 1990). Cf. Barber v. State, 564 So.2d 1169 (Fla. 1st DCA 1990).
However, as to the second issue, we must reverse based upon this court's recent en banc decision on the identical issue in Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991).
Accordingly, the adjudication of the appellant as an habitual offender and the sentence thereon are reversed. Remanded for further proceedings consistent herewith.
ERVIN, NIMMONS and ZEHMER, JJ., concur.

ON MOTION FOR CERTIFICATION
PER CURIAM.
The appellee's motion for certification is granted. As this court did in Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991), we certify the following as a question of great public importance:
Whether Section 775.084(1)(a)1, Florida Statutes (1989), which defines habitual felony offenders as those who have "previously been convicted of any combination of two or more felonies in this state or other qualified offenses," requires that each of the felonies be committed after conviction for the immediately previous offense?
ERVIN, NIMMONS and ZEHMER, JJ., concur.