WIGGINTON, Judge.
Appellant appeals his enhanced sentences as an habitual felony offender, pursuant to section 775.084(l)(a)l, Florida Statutes (Supp.1988), following his convictions of burglary of a dwelling with assault and attempted sexual battery with the use of great force. The trial judge classified appellant as an habitual offender based on two prior felony convictions which were rendered on the same day in 1986. In light of the decision in Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991), in which this court reaffirmed the long-standing view that habitualization must be supported by sequential convictions and therefore cannot be based upon two convictions that occurred on the same day, classification of appellant as an habitual offender was error. See also Razz v. State, 576 So.2d 901 (Fla. 1st DCA 1991) and Goodman v. State, 578 So.2d 11 (Fla. 1st DCA 1991). As in Barnes, we certify the following question as one of great public importance:
Whether section 775.084(l)(a)l, Florida Statutes (Supp.1988), which defines habitual felony offenders as those who have “previously been convicted of two or more felonies,” requires that each of the felonies be committed after conviction for the immediately previous offense.
REVERSED and REMANDED for re-sentencing.
ERVIN, J., and WENTWORTH, Senior Judge, concur.