GOSHORN, Judge.
George William Walsh appeals his convictions for trafficking in cocaine,[1] conspiracy to traffic,[2] and sale of a controlled substance [3] as well as his sentence as an habitual offender.[4] We affirm the convictions, but reverse and remand the sentence because the defendant’s habitual offender status was predicated on three prior felony convictions occurring on the same date.
Because the defendant committed the offenses for which he is being sentenced on July 7 and July 11, 1989, the 1988 version of the habitual offender statute governs. This court has previously held that section 775.084(l)(a), Florida Statutes (Supp.1988)[5] requires sequential or successive convictions, in the sense that the first conviction must have occurred prior to the commission of the second offense. Taylor v. State, 558 So.2d 1092 (Fla. 5th DCA 1990). A like result was reached by our sister courts in Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991) and Walker v. State, 567 So.2d 546 (Fla. 2d DCA 1990).
Convictions AFFIRMED; Sentence REVERSED and REMANDED for resentenc-ing.
GRIFFIN and DIAMANTIS, JJ., concur.

. § 893.135(l)(b)l, Fla.Stat. (1989).

. §§ 893.135(l)(b)l and 893.135(4), Fla.Stat. (1989).

. § 893.13(l)(a)l, Fla.Stat. (1989).

. § 775.084, Fla.Stat. (1989).

. Section 775.084(l)(a) states in pertinent part:
(a) "Habitual felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
1. The defendant has previously been convicted of two or more felonies in this state;
[[Image here]]