PER CURIAM.
This cause is before us on appeal from a judgment and sentence adjudicating appellant a habitual felony offender. Appellant raises three issues, the first two of which we affirm without discussion. As to the third issue, appellant argues that the trial court erred in relying upon two simultaneously-entered felony convictions in sentencing him as a habitual felony offender.
In Barnes v. State, 576 So.2d 758, 762 (Fla. 1st DCA 1991), this court held that under the 1988 version of the habitual felony offender statute, habitualization must be supported by sequential convictions. Appellee correctly argues, however, that the trial court’s error in relying upon appellant’s simultaneous convictions was harmless, in that appellant had been placed on probation for a felony offense prior to the the two convictions. An order placing a defendant on probation qualifies as a predicate conviction if the subsequent offense for which the defendant is to be sentenced was committed during such probationary period. § 775.084(2), Fla.Stat. (Supp.1988). Consequently, the error in relying upon the simultaneous convictions was harmless. See Robinson v. State, 551 So.2d 1240, 1241 (Fla. 1st DCA 1989).
The judgment and sentence are AFFIRMED.
BOOTH and NIMMONS, JJ., and WENTWORTH, Senior Judge, concur.