584 So.2d 116 (1991)
Thomas Arthur DOGGETT, Appellant,
v.
STATE of Florida, Appellee.
No. 90-65.
District Court of Appeal of Florida, First District.
August 5, 1991.
Nancy A. Daniels, Public Defender, Kathleen Stover, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Bradley R. Bischoff, Asst. Atty. Gen., for appellee.
WENTWORTH, Senior Judge.
This is an appeal from an habitual offender sentence imposed by the circuit court at resentencing after conceded error in an enhanced sentence based on non-sequential prior convictions. We affirm as to the single issue presented on appeal based on the rationale of the trial judge as follows:
[T]he state concedes that the evidence presented at the original sentencing hearing was insufficient to support the defendant's sentence as a habitual offender. Although certified copies of six felony convictions were admitted into evidence, they were all convictions occurring on the same day. Given these facts, it was plainly error for this Court to treat the convictions as if they were separate offenses for the purpose of imposing an enhanced penalty under the habitual offender statute. See Joyner v. State, 158 Fla. 806, 30 So.2d 304 (1947); Taylor v. State, 558 So.2d 1092 (Fla. 5th DCA 1990).
There is no dispute that an error was committed during the initial sentencing hearing. The primary issue on this point is whether the state can cure the error by presenting certified copies of convictions other than those that were used to support the original sentence under the habitual felony offender statute. If it is proper for this Court to allow the state to introduce evidence of other previous felony convictions, then the validity of the defendant's sentence as a habitual offender will not be affected by the *117 Court's earlier error in treating the six 1986 felony offenses as separate convictions.
The state contends that the decision of the Fifth District Court of Appeals [sic] in Crews v. State, [567 So.2d 552 (Fla. 5th DCA 1990)], establishes the authority of the Court to consider additional evidence on the defendant's motion to correct his sentence. In Crews, the trial judge committed the same error, that is he sentenced the defendant as a habitual felony offender on the basis of five convictions occurring on the same day. The district court reversed citing Taylor, supra, but explained that "upon resentencing, the state may be able, and should be given the opportunity, to establish that the defendant qualifies as an habitual offender." Id.

Counsel for the defendant contends that a new hearing in which the state is afforded an opportunity to present other conviction records not introduced at the original sentencing hearing would violate the defendant's rights under the double jeopardy clause. Further, she argues that the decision of the Fifth District Court of Appeal in Crews is not binding on this point because the double jeopardy issue was not expressly considered in that case.
This Court might be inclined to agree that Crews would have little precedential value if it were not for the fact that a violation of the double jeopardy clause is a fundamental error that does not require an argument on appeal, or even an objection in the trial court. Since the court in Crews could have resolved a double jeopardy issue even in the absence of an objection in the trial court or an argument on appeal, it is logical to assume that the court did not perceive that there would be a double jeopardy problem when it invited the trial court to consider evidence on the remand for resentencing.
Federal court decisions support the conclusion in this case, and the implied conclusion in Crews, that the double jeopardy clause is not violated by presenting additional evidence on resentencing when there has been an error in the original sentencing proceeding. In the leading decision of Lockhart v. Nelson, [488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988)], the United States Supreme Court held that when evidence is erroneously admitted against the defendant in a proceeding to impose an enhanced penalty, the double jeopardy clause is not violated by the presentation of additional evidence in the sentencing hearing on remand. Based on the holding of the Florida Supreme Court in State v. Cantrell, 417 So.2d 260 (Fla. 1982), this court is of the view that an interpretation of the Double Jeopardy clause in the Florida Constitution should be no different.
Based upon the above rationale, we affirm the trial court's order.
AFFIRMED.
WIGGINTON and WOLF, JJ., concur.