ERVIN, Judge.
Appellant’s conviction is affirmed. Because, however, the habitual felony offender sentence imposed under Section 775.-084(l)(a)l, Florida Statutes (1989), is not supported by sequential convictions, appellant’s sentence is reversed and the case remanded for resentencing. Fuller v. State, 578 So.2d 887 (Fla. 1st DCA 1991), petition for review filed, No. 77,907 (Fla. May 10,1991); Razz v. State, 576 So.2d 901 (Fla. 1st DCA 1991), petition for review filed, No. 77,761 (Fla. Apr. 16, 1991). Accord Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991), petition for review filed, No. 77,751 (Fla. Apr. 17, 1991). In accordance with the above case law, we certify the following question to the supreme court as one of great public importance:
WHETHER SECTION 775.084(l)(a)l, FLORIDA STATUTES (1989), WHICH DEFINES HABITUAL FELONY OFFENDERS AS THOSE WHO HAVE “PREVIOUSLY BEEN CONVICTED OF ANY COMBINATION OF TWO OR MORE FELONIES IN THE STATE OR OTHER QUALIFIED OFFENSES,” REQUIRES THAT EACH OF THE FELONIES BE COMMITTED AFTER CONVICTION FOR THE IMMEDIATE PREVIOUS OFFENSE?
We affirm on the second issue appellant raised without comment.
AFFIRMED in part, REVERSED in part, and REMANDED for resentencing.
SMITH and ALLEN, JJ., concur.