PETERSON, Judge.
Bobby Keith Harrison appeals his judgment and sentence imposed pursuant to the Habitual Offender Act under section 775.-084(l)(a), Florida Statutes (1989). We af *394 firm the judgment but vacate the sentence and remand for resentencing.
On January 25, 1988, Harrison was placed on probation with adjudication of guilt withheld for burglary of a dwelling and grand theft, second-degree and third-degree felonies, respectively. On November 8, 1988, probation was revoked and he was adjudicated guilty of these crimes, together with offenses in two other cases committed while he was on probation imposed in the earlier case. The second two cases involved identical offenses as the first case except that one of the later cases also involved a third count, criminal mischief, a second-degree misdemeanor. He was then sentenced simultaneously for all three cases.
On August 15, 1990, he committed the offense of grand theft in violation of sections 812.014(1) and 812.014(2)(c) and was adjudicated guilty of this offense after a trial. The court considered the prior offenses and sentenced him as a habitual offender after duly served written notice was given.
Harrison complains that, for purposes of the Habitual Offender Act, only one prior conviction exists and that therefore the court erred in finding that two priors existed and classifying him as a habitual offender. Both sides to this appeal agree that, under the 1988 version of the Habitual Offender Act, the state must show that the second prior conviction was imposed for an offense committed after the date of the initial prior conviction. Walsh v. State, 579 So.2d 908 (Fla. 5th DCA 1991); Valentine v. State, 577 So.2d 714 (Fla. 5th DCA 1991); Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991); Reyes v. State, 573 So.2d 1059 (Fla. 5th DCA 1991); Williams v. State, 573 So.2d 451 (Fla. 4th DCA 1991); Bernard v. State, 571 So.2d 560 (Fla. 5th DCA 1990); Taylor v. State, 558 So.2d 1092 (Fla. 5th DCA 1990). This requirement of sequentiality was not eliminated in the amendment to the statute effective October 1, 1989. Fuller v. State, 578 So.2d 887 (Fla. 1st DCA 1991).
While there is no disagreement between the parties as to the applicability of the above citations, the state contends that the sequentiality requirement was satisfied because the first case in which adjudication was withheld amounted to a conviction earlier than the convictions entered on November 8, 1988. Therefore, the state reasons, Harrison did have two sequential prior convictions and “an opportunity for reformation ... after each conviction.” Bernard, citing Joyner v. State, 158 Fla. 806, 30 So.2d 304 (1947). The state further relies on rule 3.701(d), Florida Rules of Criminal Procedure, to classify as a conviction the first case in which adjudication was withheld.
Rule 3.701(d), Florida Rules of Criminal Procedure, deals with the general rules and definitions of sentencing guidelines and defines “conviction” as a determination of guilt resulting from a plea or trial regardless of whether adjudication was withheld or a sentence was suspended. However, we believe that this definition is inapplicable to the habitual offender statute since the Act states, “A sentence imposed under this section shall not be subject to the provisions of s. 921.001,” the legislative authority for the establishment of sentencing guidelines. § 775.084(4)(e), Fla.Stat. (1989). Other statutory provisions are helpful, however. Section 775.084(2) of the Habitual Offender Act provides, “For the purposes of this section, the placing of a person on probation without an adjudication of guilt shall be treated as a prior conviction if the subsequent offense for which he is to be sentenced was committed during such probationary period.” See Myrick v. State, 582 So.2d 797 (Fla. 1st DCA 1991).[1]
We conclude that all of the convictions that were used as a predicate for Habitual Offender Act treatment took place on a single date, November 8, 1988, and that therefore only one predicate conviction existed on the date upon which Har *395 rison was to be sentenced for his latest felony. While we recognize that Harrison had two previous opportunities for reformation, one after adjudication was withheld and another after his probation was revoked, the Act as judicially constructed requires a sequence of prior convictions, not a particular number of opportunities for reformation. We feel bound to follow that construction, together with the legislature’s prescribed treatment of an “adjudication withheld” in section 775.084(2).[2] We hasten to add, however, that Harrison, a seven-time convicted felon who has had two opportunities to reform, appears to have precisely the type of personality targeted by the Habitual Offender Act.
We also bring to the attention of the trial court that Harrison’s scoresheet, which admittedly is unimportant to sentencing under the Habitual Offender Act but which will become important upon remand, has been prepared erroneously. We note in particular that no points were awarded for any of his prior second-degree felonies.
We affirm the judgment of guilt, vacate the sentence under the Habitual Offender Act, and remand for resentencing.
Judgment AFFIRMED; sentence VACATED; REMANDED.
GOSHORN, C.J., and DAUKSCH, J., concur.

. While Myñck v. State is not clear as to which offense was committed while on probation — the latest predicate conviction or the offense for which he is to be sentenced in accordance with the Habitual Offender Act — we assume the first district meant the latter.

. Had Harrison committed the crime for which he is being classified as a habitual offender during a term of probation imposed in lieu of an adjudication of guilt, such placement would have qualified as a prior conviction.