JOANOS, Chief Judge.
Appellant contends he was sentenced improperly as an habitual felony offender, where the predicate convictions relied upon *675 for habitual felony offender sentencing occurred on the same date. We agree, and reverse and remand appellant’s enhanced sentence for resentencing. See Fuller v. State, 578 So.2d 887 (Fla. 1st DCA 1991); Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991). In accordance with our decisions in Fuller v. State, and Razz v. State, 576 So.2d 901 (Fla. 1st DCA 1991), we certify the following question to the supreme court as a question of great public importance:
WHETHER SECTION 775.084(l)(a)l, FLORIDA STATUTES (1989), WHICH DEFINES HABITUAL FELONY OFFENDERS AS THOSE WHO HAVE “PREVIOUSLY BEEN CONVICTED OF ANY COMBINATION OF TWO OR MORE FELONIES IN THIS STATE OR OTHER QUALIFIED OFFENSES,” REQUIRES THAT EACH OF THE FELONIES BE COMMITTED AFTER CONVICTION FOR THE IMMEDIATELY PREVIOUS OFFENSES?
Accordingly, appellant’s enhanced sentence imposed pursuant to the habitual felony offender statute is vacated, and the cause is remanded for resentencing.
ALLEN, J., and WENTWORTH, Senior Judge, concur.