JOANOS, Chief Judge.
Gary Banks has appealed the imposition of habitual offender sentencing following his plea of nolo contendere to three counts of burglary of a structure and one count of possession of burglary tools. We reverse and remand for resentencing under the guidelines.
*283 Banks entered his plea in return for a recommendation of guidelines sentencing. The state thereafter filed notice of its intent to seek habitual offender classification, and at sentencing offered as predicate convictions two August 27, 1987 convictions for aggravated assault and grand theft of a firearm. The state averred that these were Banks’ only prior convictions. The trial court found that Banks qualified as an habitual offender, and sentenced him as such to concurrent 3¾⅛ year terms.
Banks argues on appeal that reversal for resentencing is required by Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991) and Fuller v. State, 578 So.2d 887 (Fla. 1st DCA 1991), and that resentencing should be pursuant to the guidelines. The state concedes that reversal is necessary. However, it goes on to argue that Doggett v. State, 584 So.2d 116 (Fla. 1st DCA 1991) authorizes the state, on remand, to use the August 27, 1987 conviction for aggravated assault (a violent felony) and the current burglary convictions to seek habitual violent felony offender classification.
We agree that reversal of the habitual offender sentence imposed herein is required by Barnes (habitual offender classification must be supported by sequential convictions), but find that Doggett does not authorize the procedure proposed by the state on remand. Doggett held only that it does not violate double jeopardy for the state, on remand for resentencing after a Barnes violation, to seek reimposition of habitual offender status using prior convictions not originally relied on. Doggett at 116-17 (emphasis supplied). Here, the state conceded below that the two convictions imposed on August 27, 1987 were Banks’ only prior convictions.
Further, in Taylor v. State, 576 So.2d 968 (Fla. 5th DCA 1991), the court affirmatively found that the action proposed by the state “constitutes punishment more harsh than the sentence reversed on the first appeal (the habitual violent felony offender includes a 10-year minimum mandatory sentence) and is therefore prone to discourage appeals in violation of constitutional due process and the dictates of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).” Taylor at 969.
The habitual offender sentence imposed herein is vacated, and the case remanded for resentencing under the guidelines.
SHIVERS and ZEHMER, JJ„ concur.