JOANOS, Chief Judge.
Appellant contends he was sentenced improperly as an habitual felony offender, because the predicate prior convictions occurred on the same date. The state agrees that the convictions relied upon for habitual felony offender sentencing were not sequential, and thus contravene the rule enunciated in Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991), but urges that the plain language of the 1988 and 1989 versions of section 775.084, Florida Statutes, does not require sequential convictions. We reverse, finding resolution of this issue is controlled by our decision in Barnes.
In Barnes, the court held that section 775.084(l)(a)l, Florida Statutes (Supp.1988), the habitual felony offender statute, requires sequential convictions for sentencing purposes. The sequential conviction construction was deemed necessary to give effect to legislative intent. However, be *1037 cause the court recognized that the construction being accorded to the statute went beyond the plain language of the provision, the question was certified as a question of great public importance. Similarly, in Fuller v. State, 578 So.2d 887 (Fla. 1st DCA 1991), the court observed that the long standing sequential conviction requirement had not been abrogated by the 1989 amendments defining an habitual offender as a defendant who has “previously been convicted of any combination of two or more felonies in this state or other qualified offenses[.]” 578 So.2d at 888.
In conformity with our decisions in Barnes, Fuller, and Malone v. State, 588 So.2d 674 (Fla. 1st DCA 1991), we certify the following question to the supreme court as a question of great public importance:
WHETHER SECTION 775.084(l)(a)l, FLORIDA STATUTES (1989), WHICH DEFINES HABITUAL FELONY OFFENDERS AS THOSE WHO HAVE “PREVIOUSLY BEEN CONVICTED OF ANY COMBINATION OF TWO OR MORE FELONIES IN THIS STATE OR OTHER QUALIFIED OFFENSES,” REQUIRES THAT EACH OF THE FELONIES BE COMMITTED AFTER CONVICTION FOR THE IMMEDIATELY PREVIOUS OFFENSE?
Accordingly, the enhanced sentence imposed pursuant to section 775.084 is vacated, and the cause is remanded for resen-tencing.
WOLF and KAHN, JJ., concur.