JOANOS, Chief Judge.
Dayrell Taylor appeals an order of the trial court denying his motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. As grounds for relief, appellant alleged error in the trial court’s reliance on contemporaneous prior convictions for imposition of habitual felony offender sentencing. We reverse, and remand for resentencing.
In August 1987, appellant pled guilty to two counts of robbery, and was sentenced to serve two concurrent 2-year terms of incarceration. In June 1989, appellant entered a negotiated plea of guilty to sale or delivery of cocaine, and was sentenced to an 8-year term as an habitual felony offender, thereby becoming ineligible for any gam-time other than incentive gain-time under the provisions of section 944.275(4)(b), Florida Statutes. The order denying post-conviction relief was premised on the view that appellant’s prior robbery convictions satisfied the necessary elements to classify him as an habitual violent felony offender, and that the applicable criteria were not changed-by the 1989 amendment to section 775.084, Florida Statutes.
The sequential conviction requirement for habitual offender sentencing is of long standing, and this court has held that the 1989 amendment to section 775.084 did nothing to alter that requirement. See Fuller v. State, 578 So.2d 887 (Fla. 1st DCA 1991); Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991). Since appellant’s two previous convictions occurred on the same date, he does not qualify as an habitual offender. Fuller, 578 So.2d at 889.
Accordingly, appellant’s sentence as an habitual felony offender is vacated, and the cause is remanded for resentencing.
ERVIN, J., and WENTWORTH, Senior Judge, concur.
ON MOTION FOR CERTIFICATION
PER CURIAM.
We grant the state’s motion for certification of a question of great public importance.
Accordingly, we certify the following question previously certified in Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991), to the Florida Supreme Court, as a question of great public importance:
Whether section 775.084(l)(a)a, Florida Statutes (Supp.1988), which defines habitual felony offenders as those who have “previously been convicted of two or more felonies,” requires that each of the felonies be committed after conviction for the immediately previous offense?
JOANOS, C.J., ERVIN, J., and WENTWORTH, Senior Judge, concur.