PETERSON, Judge.
Pursuant to a. plea agreement, George McFadden was adjudicated guilty and sentenced as a habitual offender under section 775.084, Florida Statutes, to fifteen years in the department of corrections. McFadden timely filed a motion to correct an illegal sentence, alleging that the trial court erred in relying on convictions for prior felonies entered on the same date in violation of the principle set forth in Taylor v. State, 558 So.2d 1092 (Fla. 5th DCA 1990). The agreed upon judgment and sentence were vacated by the trial court.
At resentencing, the trial court imposed consecutive sentences of fifteen years and seven years for McFadden’s offenses. The court reasoned that the total sentence of twenty-two years within the permitted range of the applicable guidelines, with gain time credits, was less severe than the fifteen years previously imposed under the habitual offender statute. During the sentencing hearing, defense counsel argued orally and in a written memorandum of law that McFadden should be sentenced either within the recommended guidelines range (twelve to seventeen years) or to fifteen years pursuant to the original plea agreement, or, alternatively, he should be allowed to withdraw his plea and plead anew.
McFadden was entitled to withdraw his original plea since it was based on a material mistake of law. Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981). In resentencing, upon entering a sentence which was greater than that which McFadden agreed to, the trial court should have acknowledged McFadden’s request to withdraw his plea and given him the opportunity to do so.
The judgment and sentence are vacated and the cause remanded for trial in the absence of a new plea.
Judgment and sentence VACATED; REMANDED.
GOSHORN, C.J., and HARRIS, J., concur.