DAUKSCH, Judge.
This is an appeal from a judgment and sentence, appellant having been convicted by a jury of grand theft auto in violation of sections 812.014(1) and 812.014(2)(c)4, Florida Statutes (1989). Appellant argues that the trial court erred by classifying him as a habitual felony offender based on prior convictions obtained on the same date. We agree.
In Harrison v. State, 585 So.2d 393 (Fla. 5th DCA 1991), this court held that the sequentiality requirement of the Habitual Offender Act, section 775.084(l)(a) was not eliminated by the amendments to the statute effective October 1, 1989. See also Fuller v. State, 578 So.2d 887 (Fla. 1st DCA 1991); Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991) (Zehmer, J., concurring specially); Collazo v. State, 573 So.2d 209 (Fla. 1st DCA 1991). The Barnes court noted that a long line of authority has held that in order to count as a previous offense for purposes of habitualization, each offense must follow a conviction for the immediately previous offense. “[I]n short, *759 there must be a sequence of offense and conviction followed by a second offense and a second conviction, and so on.” 576 So.2d at 759. In the instant case, the trial court relied upon two prior felony convictions of appellant as a basis for his qualification as a habitual felony offender: In Case No. 87-1162, appellant was convicted for possession of cannabis in excess of twenty grams on September 22, 1987, nunc pro tunc to indicate an effective date of July 30, 1987. In Case No. 87-236, appellant was convicted of trafficking in stolen property, again on September 22, 1987, nunc pro tunc to indicate an effective date of July 30, 1987.
The state argues that the sequential conviction requirement was met here because appellant was resentenced on the trafficking in stolen property conviction on August 31, 1989. Thus, the state maintains that, in that case, appellant had between September 22, 1987 and August 31, 1989 to rehabilitate. It is true that the sequential conviction requirement has historically insured that the defendant be given “an opportunity to reform following his initial conviction.” Barnes, 576 So.2d at 761. However, in Stevens v. State, 540 So.2d 232 (Fla. 5th DCA 1989), this court affirmed appellant’s prior conviction for trafficking in stolen property, and merely remanded for proper guidelines scoring. As we stated in Harrison, the Habitual Offender Act “as judicially construed requires a sequence of prior convictions, not a particular number of opportunities for reformation.” Harrison, 585 So.2d at 395. The trial court thus erred in classifying and sentencing appellant as a habitual offender.
Conviction AFFIRMED; Sentence REVERSED and REMANDED for resentenc-ing.
GOSHORN, C.J., and W. SHARP, J., concur.