WOLF, Judge.
Anthony James Wannamaker has appealed an order of the trial court summarily denying his motion for postconvic *565 tion relief pursuant to rule 3.850, Florida Rules of Criminal Procedure. In the motion filed below, the appellant sought relief from his sentence as a habitual offender on the ground that the offenses used to find him to be a habitual offender were all contained in only one conviction. This court maintains the view that habitualization must be supported by sequential convictions and cannot be based upon two convictions that occurred on the same day. Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991). See also Goodman v. State, 578 So.2d 11 (Fla. 1st DCA 1991); Reynolds v. State, 580 So.2d 254 (Fla. 1st DCA 1991). If the appellant’s allegation of simultaneous convictions can be substantiated, his sentence is illegal and does exceed the limits provided by law under Barnes.
Rule 3.850 requires that where the motion for postconviction relief may not be summarily denied because of “legal insufficiency” on its face, a copy of the portion of the record “which conclusively shows that the prisoner is entitled to no relief” must be attached to the trial court’s order. See also Morris v. State, 553 So.2d 321 (Fla. 1st DCA 1989). We find that it was error for the lower court to deny the appellant’s 3.850 motion, and reverse and remand for the trial court to either attach those portions of the record which conclusively show the appellant to be entitled to no relief, or to grant the appellant an evidentiary hearing on his motion for postconviction relief.
ERVIN and WIGGINTON, JJ., concur.