FRANK, Acting Chief Judge.
We affirm Taylor’s convictions and sentences without prejudice to his filing a mo *757 tion for postconviction relief pursuant to Florida Rules of Criminal Procedure 3.850. State v. Barber, 301 So.2d 7 (Fla.1974); Counts v. State, 376 So.2d 59 (Fla. 2d DCA 1979). Taylor’s reliance upon Banks v. State, 591 So.2d 282 (Fla. 1st DCA 1991), is misplaced. The court in Banks found the double jeopardy prohibition violated when the state initially failed to provide the trial court with sequential convictions essential at that time for enhancement under section 775.084(1)(a), Florida Statutes (Supp.1988). The state unsuccessfully sought to persuade the view that on remand the harsher penalty prescribed in the habitual violent offender section could be imposed because that portion of the statute requires only one predicate felony conviction. By contrast, at Taylor’s sentencing the state abandoned a simple habitual offender classification; it did so upon learning that on a prior occasion he had been convicted of only one felony. Because Taylor’s “reclassification” to the status of a violent felony offender under section 775.084(1)(b) occurred prior to the sentence he challenges in this proceeding, he was not twice placed in jeopardy. The sentence is affirmed.
PARKER and BLUE, JJ., concur.