PER CURIAM.
Appellant, Aurther Landers, challenges his conviction and sentence for delivery of cocaine. We affirm his conviction, but reverse his sentence.
The trial court originally sentenced Appellant as a habitual felony offender. On October 18,1995, Appellant timely filed his notice of appeal. The next day the State filed a Motion to Correct Sentence due to noncompliance with the habitual felony offender statute. At the hearing on the motion, the State argued that the predicate for a habitual felony offender sentence did not exist due to the lack of sequential prior convictions, but that a habitual violent offender sentence was permissible. The trial court granted the State’s motion and declared Appellant a violent felony habitual offender.
It is well settled that once a notice of appeal has been filed, jurisdiction vests in the appellate court. E.g., Dailey v. State, 575 So.2d 237, 238 (Fla. 2d DCA 1991); Abt v. State, 560 So.2d 334, 335 (Fla. 4th DCA 1990). In the instant case, since the notice of appeal was filed before the trial court entered its order declaring Appellant a habitual violent felony offender, the trial court was without jurisdiction to enter such an order. Davis v. State, 606 So.2d 470, 471 (Fla. 1st DCA 1992). Accordingly, we vacate this order.
Regarding the original sentence, Appellant correctly points out that he lacked the sequential prior convictions necessary to be classified as a habitual felony offender. See § 775.084(5), Fla. Stat. (1995). Thus, we reverse the original felony offender sentence imposed by the trial court. Banks v. State, 591 So.2d 282, 288 (FlaA.pp.1st DCA 1992); Taylor v. State, 558 So.2d 1092, 1093 (Fla. 5th DCA 1990).
remand, the trial court cannot sentence Appellant as a habitual violent felo-felooffender because such a sentence would constitute a harsher punishment than Appel-Appeloriginal felony habitual offender sen-senand would be prone to discourage ap-apin violation of due process. See Banks, 591 So.2d at 283; Taylor v. State, 576 So.2d 968, 969 (Fla. 5th DCA 1991). Accordingly, we remand for the trial court to resentence Appellant under the guidelines. See Banks, 591 So.2d at 283.
Finally, we conclude that the arguments addressed to reversal of Appellant’s conviction merit neither discussion nor reversal.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
GUNTHER, C.J., and WARNER and KLEIN, JJ., concur.