619 So.2d 20 (1993)
Danny H. ROLLING, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2351.
District Court of Appeal of Florida, Fifth District.
May 14, 1993.
Rehearing Denied June 9, 1993.
*21 Howard Babb, Public Defender, and Billy H. Nolas, Sp. Asst. Public Defender, Ocala, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David S. Morgan, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
After pleading guilty at arraignment, appellant was convicted of one count each of robbery with a firearm,[1] possession of a firearm by a convicted felon[2] and fleeing a police officer,[3] and was sentenced as a violent habitual offender to life imprisonment. There are three issues on appeal, only one of which warrants discussion.[4] The issue that concerns us is whether the record contained substantial competent evidence that appellant was competent when he pled guilty.
Important to our consideration is that this was an uncounseled plea. Appellant expressly and repeatedly waived counsel for his first appearance and arraignment. After repeating the waiver at arraignment and expressing the desire to plead guilty, the trial judge conducted a proper hearing, found the waivers to have been executed freely and voluntarily by an alert, intelligent defendant, and accepted appellant's plea of guilty to all three charges. Sentencing was then set for November 8, 1990. Thereafter, appellant decided to accept counsel. Through counsel, appellant filed motions for continuance of sentencing for completion of a psychological evaluation and for a confidential expert to determine his competence both at the time of the offense and to stand trial. The trial court granted both motions and appointed Dr. William Corwin, as a confidential expert for the defense, to examine appellant.
Appellant subsequently moved to withdraw his guilty pleas on the ground that he was incompetent to understand their significance and consequences. Thereafter, the trial court appointed Rodney Poetter, Ph. D., and Gary Honickman, Ph.D., to determine whether appellant was mentally competent on September 17, 1990 when he pled guilty and to determine if he was competent to proceed to sentencing.
On May 30 and 31, 1991, the trial court conducted a hearing to determine whether appellant was legally competent when he pled guilty. There were four witnesses on this issue: Judge John Futch, who accepted appellant's guilty pleas; Dr. Corwin; and Drs. Poetter and Honickman. Also considered was the transcript of the plea hearing.
Judge Futch handled appellant's arraignment on September 17, 1990 and recalled it in part because appellant waived counsel and pled guilty to a serious felony, which he considered somewhat unusual. Accordingly, he gave the matter special attention. He observed nothing extraordinary about appellant. The answers appellant gave were pertinent; he was talkative, but not inappropriately so; and he did not exhibit any inappropriate behavior. He indicated he understood the charges, the possible penalties and the consequences of pleading guilty. There was no indication appellant might want an attorney. Appellant did and said nothing that raised any question in the judge's mind about his competency.
In evaluating appellant's competency, Dr. Corwin, who is board certified by the American Board of Forensic Psychiatry, considered background information concerning appellant, his jail and medical files, and the transcript of the plea colloquy of September 17, 1990. He considered three diagnoses: antisocial personality disorder, schizoid-type personality and psychosis. *22 He concluded appellant suffers from schizoid-type psychosis. Dr. Corwin said he would need more observation to be more specific, but thought appellant's psychosis was schizophrenic in partial remission because of anti-psychotic medication (Thorazine) that was prescribed for appellant by Dr. Robin Miller, the prison psychiatrist.[5] He did not believe appellant was faking because he responded to the Thorazine. Dr. Corwin testified that a psychotic person may have periods of lucidity and may also be rational in some areas but not in others. He could not say whether appellant was lucid on September 17, but believed the transcript revealed he was too eager to plead guilty which indicated appellant was not able to assess accurately his circumstances. He also found the plea consistent with appellant's pattern of self-mutilation  the need to hurt himself. Dr. Corwin testified that to a reasonable degree of psychiatric certainty appellant was not competent when he pled guilty on September 17, 1990.
Dr. Honickman is a doctor of clinical psychology. He saw appellant three times in early 1991  on February 22, March 5 and March 22. Honickman gave appellant five tests: the WAIS-R; the WRAT-R; Weschler Memory Scales; the Beck Depression Inventory; and the MMPI, a personality inventory. The first four tests showed appellant was borderline retarded and suffering from severe depression. He found appellant's MMPI profile invalid because he thought several of the clinical scale scores were too high. He, therefore, did not believe appellant was psychotic as the scores suggested; instead, he thought appellant exaggerated his personal concerns, either as a cry for help or an attempt to solicit sympathy from his evaluators. He admitted that if appellant's MMPI profile were valid, it would be consistent with a severely psychotic individual. Although he acknowledged that records are more important in a retrospective evaluation of competency than when evaluating present competency, the only record he reviewed was a transcript of the plea colloquy. Honickman also agreed that appellant's jail and medical records, which contained observations closer in time to the plea, were, if true, consistent with the MMPI profile. Honickman acknowledged there were several things he could have done to check whether the MMPI profile was valid but that he did not do any of them. Dr. Honickman admitted he could not say to a reasonable degree of psychological certainty whether appellant was psychotic on September 17. He concluded, nevertheless, that he had enough information to form an opinion about appellant's competency on September 17, 1990 and opined that appellant was competent.
Dr. Poetter reviewed appellant's jail medical file but no other background information. He relied on Dr. Honickman's testing and his own observations of appellant. He described appellant as quite lucid and coherent. Poetter initially testified he diagnosed appellant as suffering from antisocial personality disorder (which is inconsistent with psychosis), alcohol abuse in remission, mixed substance abuse (marijuana and crack cocaine) in remission and adjustment disorder with depressed mood. However, under questioning by defense counsel, Poetter admitted that under the relevant criteria he could not support his diagnosis of antisocial personality and withdrew it on the stand. Nevertheless, Poetter affirmed his conclusion that appellant is not psychotic. He testified he could evaluate appellant's competency on September 17 to a reasonable degree of psychological certainty, and concluded that appellant was competent on September 17, 1990, understood what was happening and understood the consequences of his plea.
On June 19, 1991, the trial court denied appellant's motion to withdraw his guilty plea, finding that the plea was entered voluntarily and knowingly, and that appellant had an adequate opportunity to consult with counsel but chose not to do so. The trial court found that appellant had a rational *23 and factual understanding of the proceedings, and that he understood the charges, the seriousness of the penalties he faced and the consequences of his guilty plea. The court ruled that on September 17, 1990 appellant was competent to proceed without counsel and enter a guilty plea.
In seeking to reverse the competency ruling of the lower court, appellant relies mainly on Mason v. State, 489 So.2d 734, 737 (Fla. 1986), where the supreme court suggested it would be a violation of due process to base a finding of competency on pure speculation. This is not such a case, however. None of the experts testified that appellant's competency at the plea hearing could not be determined to a reasonable degree of professional certainty. Appellant's expert testified that he was psychotic at the time of his examination, that he was probably psychotic on September 17, and that the record of the September 17 proceedings showed he was not competent when he pled guilty. The other experts testified that he was not psychotic at the time of the competency hearing and that nothing suggested to them that he was psychotic or incompetent when he pled guilty. Unquestionably, the expert testimony that appellant was not psychotic at the relevant times is weak and these witnesses were effectively impeached by appellant's counsel. This goes to the weight of the evidence, however. There was evidence upon which to base the competency finding.
We find wisdom in prior statements of our supreme court that a guilty plea should be set aside where there is doubt that an uncounseled defendant was competent when he entered the plea. Eckles v. State, 180 So. 764, 766 (Fla. 1938). In this case, however, a thorough hearing was conducted so that the question of competency could be fully explored, and the lower court found appellant was competent to plead guilty. See Hill v. State, 473 So.2d 1253 (Fla. 1985).
Although not raised initially, appellant has brought to our attention, by way of supplemental authority, the recent decision of our supreme court in Ashley v. State, 614 So.2d 486 (Fla. 1993). That decision applies to this case. Because appellant pled guilty at arraignment, the state attorney had not yet generated a notice of intent to seek treatment of appellant as a habitual offender or violent habitual offender. By failing to give appellant such notice prior to acceptance of his plea, the state was not entitled to seek habitual offender status for appellant. Accordingly, as in Ashley, the cause is remanded to the trial court for resentencing under the sentencing guidelines.
CONVICTIONS AFFIRMED; CAUSE REMANDED FOR RESENTENCING.
COBB, HARRIS and GRIFFIN, JJ., concur.
NOTES
[1] § 812.13(2)(a), Fla. Stat.
[2] § 790.23, Fla. Stat.
[3] § 316.1935, Fla. Stat.
[4] The remaining two issues have no merit. Specifically, we reject appellant's claim that the trial court did not conduct an adequate inquiry into appellant's waiver of the right to counsel. See Fla.R.Crim.P. 3.172(c). Judge Futch's dialogue was not deficient for failing to explain to appellant what a lawyer might do for him if he had one. Appellant immediately informed the court of his desire to waive counsel and to plead guilty; thus the issue of whether appellant had sufficient information to weigh his ability to represent himself in defense of the charges, as in the cases relied on by appellant, was not relevant here.
[5] Miller was deceased at the time of the hearing, but his records were admitted into evidence. He, too, diagnosed appellant as psychotic.