701 So.2d 893 (1997)
AIRPORT RENT-A-CAR, INC. and Warren A. Campbell, Appellants,
v.
Jewel McNeal LEWIS, Appellee.
Nos. 96-1653, 97-0321.
District Court of Appeal of Florida, Fourth District.
November 5, 1997.
Clarification and Rehearing Denied December 12, 1997.
*895 Nancy Little Hoffmann of Nancy Little Hoffmann, P.A. and John M. Camillo of John M. Camillo, P.A., Fort Lauderdale, for Appellant Airport Rent-A-Car, Inc.
William P. Thomas of William P. Thomas, P.A., Tamarac, for Appellant Warren A. Campbell.
Jonathan M. Matzner and Robert H. Schwartz of Adorno & Zeder, P.A., and Scott A. Mager and Gary S. Gaffney of Mager and Associates, P.A., Fort Lauderdale, for Appellee.
DELL, Judge.
Sua sponte, we consolidate Case No. 97-0321 with Case No. 96-1653. These appeals follow a jury's award of damages to Jewel McNeal Lewis ("appellee") for personal injuries resulting from an automobile accident. Airport Rent-A-Car, Inc. and Warren A. Campbell ("appellants") raise four points on appeal, two of which have merit. Both appellants contend that prejudicial remarks made by Lewis's trial counsel, Robert Kelley, deprived them of a fair trial. Campbell contends that the trial court erred in allowing appellee to show the video deposition of William Brown, an eyewitness to the accident. We reverse and remand for a new trial.
Appellee claimed that she sustained personal injuries when a taxi owned by Airport and driven by Campbell, collided with her station wagon. Appellee had no memory of the accident and provided no testimony as to how the accident occurred. William Brown, a pedestrian who crossed the street in front of Campbell's taxicab, testified by video deposition that appellee had a green light both before and after the accident. Campbell testified that he had a green light. To refute Brown's deposition testimony, appellants called a traffic engineer to testify that the green signal in the direction appellee was driving lasts for only six seconds. Another accident reconstruction expert testified that Brown could not have crossed the intersection in less than thirteen seconds. The jury returned a verdict in favor of appellee and awarded her $300,000.00.
We find merit in appellants' argument that the trial court should have granted a new trial based on comments and statements made by appellee's counsel. We will address some but not all of the comments that appellants rely upon for a new trial.
During cross-examination, Airport's counsel asked appellee several questions regarding her claim for loss of income and whether she filed personal tax returns with the Internal Revenue Service. During redirect examination, her counsel asked:
Were you keeping all your records to prove that you were taking three hundred dollars cash a week out of the business so you could prove it to a jury when some crazy man ran a red light and ran into the side of your car? ... Were you expecting the defendant to turn you into the IRS, is that what you were expecting as a result of their client running the red light?
The trial court sustained appellants' objections to these statements, and required counsel to apologize to the jury. We reject appellee's argument that counsel's apology corrected the prejudice caused by these comments.
Counsel, by these statements, told the jury that Campbell was a crazy man, that he improperly turned appellee in to the IRS and that he ran the red light. There is nothing *896 in this record to indicate that Campbell was crazy or that he turned appellee in to the IRS. The question of whether Campbell ran a red light was for the jury. Counsel's statements were neither supported by the evidence nor relevant. See Sacred Heart Hosp. of Pensacola v. Stone, 650 So.2d 676, 680 (Fla. 1st DCA) (a comment that refers to a matter outside the record or which is not supported by the evidence violates Rule 4-3.4(e), Rules of Professional Conduct, which provides that a lawyer shall not "in trial, allude to any matter that the lawyer does not reasonably believe is relevant or will be supported by admissible evidence ...."), rev. denied, 659 So.2d 1089 (Fla.1995).
Next, appellants argue that during closing argument, counsel improperly stated:
Tomorrow you get to go home and tell everyone about this case that you sat on and I want you to tell them what you get in Broward County if a taxi driver runs a red light and injures somebody.... I wish you could punish them, but you can't.
We hold that this comment constituted an impermissible conscience of the community argument. A conscience of the community argument "extends to all impassioned and prejudicial pleas intended to evoke a sense of community law through common duty and expectation." Blue Grass Shows, Inc. v. Collins, 614 So.2d 626, 627 (Fla. 1st DCA), rev. denied, 624 So.2d 264 (Fla.1993). Generally, where an argument is not otherwise inflammatory or egregious, an isolated statement is only harmful if coupled with an argument for punitive damages. See Florida Crushed Stone Co. v. Johnson, 546 So.2d 1102 (Fla. 5th DCA 1989); Eagle-Picher Indus., Inc. v. Cox, 481 So.2d 517, 519 n. 1 (Fla. 3d DCA 1985), rev. denied, 492 So.2d 1331 (Fla.1986). Counsel's caveat to the jury, "I wish you could punish [appellants], but you can't," did not mitigate the prejudicial impact of his statement. Rather, we conclude that counsel's statement planted the seed to motivate the jury to include a punitive aspect in the damage award. Further, this statement becomes more egregious in light of the fact that Campbell was from Jamaica, as counsel later mentioned. See Blue Grass Shows, Inc., 614 So.2d at 626 (conscience of community argument had no appeal other than to prejudice the jury by pitting the community against a nonresident corporation and can result in injustice when invoked against outsiders); Erie Ins. Co. v. Bushy, 394 So.2d 228 (Fla. 5th DCA 1981) (counsel's request that the jury send a message to Erie, Pennsylvania and make defendants "pay a penalty" was reversible error).
During rebuttal, counsel again attacked Campbell's counterclaim based on the fact that he was from another country: "[Campbell] has to make a claim because I guess he knows in America, you can make a claim like this." This comment constituted a violation Rule 4-3.4(e). See Sacred Heart, 650 So.2d at 680; Walt Disney World Co. v. Blalock, 640 So.2d 1156, 1157 (Fla. 5th DCA), rev. dismissed, 649 So.2d 232 (Fla.1994).
Counsel also made a series of comments during rebuttal in which he expressed his opinion as to the justness of appellants' defense, the credibility of the witnesses, and more importantly, the credibility of his client: "[t]hat's the kind of defense and evidence and forthrightness that you get from this side of the room [indicating appellants]", "[t]he last thing that the defense wants in this case is for you to be fair and reasonable. That is why they come in here with this bogus counterclaim to try and make it look like they have something to argue about ...." and "but [appellee] is not going to lie to you. That's my client. She is not.... She's not going to tell you something."
An attorney's expression of his personal opinion as to the credibility of a witness, or of his personal knowledge of facts, is fundamentally improper. Muhammad v. Toys "R" Us, Inc., 668 So.2d 254, 258 (Fla. 1st DCA 1996); Walt Disney, 640 So.2d at 1158. While an attorney is given broad latitude in closing argument, his remarks must be confined to the evidence, the issues and inferences that can be drawn from the evidence. Muhammad, 668 So.2d at 258.
Finally, before voir dire, Airport's counsel explained to the court that in other cases, appellee's counsel frequently referred to his family and the fact that his father was a preacher. Airport asked the court to prohibit such references in this case. Appellee's counsel volunteered that no information about his family would come up during jury selection. However, during cross-examination *897 of an expert witness for the defense who was testifying regarding appellee's injuries, he stated: "My daddy was a preacher, so I know what the truth is...." Airport's counsel moved to strike, requested a curative instruction and moved for a mistrial. The court sustained the objection, but refused to give a curative instruction and denied the motion. Counsel's comment had no place in this trial and constituted improper impeachment and an improper attempt to bolster his cross-examination of the witness and the merits of his case.
We hold that appellants were denied a fair trial as the result of the cumulative nature and effect of counsel's improper comments and we reverse and remand this cause for a new trial. See Cohen v. Pollack, 674 So.2d 805 (Fla. 3d DCA 1996); Pippin v. Latosynski, 622 So.2d 566 (Fla. 1st DCA 1993); Borden, Inc. v. Young, 479 So.2d 850 (Fla. 3d DCA 1985), rev. denied, 488 So.2d 832 (Fla.1986).
Campbell raises a separate argument concerning the admissibility of Brown's video deposition. He contends that because he was not served as a party nor represented by counsel at the deposition that the trial court erred in allowing its use at trial. Campbell also argues that appellee failed to demonstrate that Brown was unavailable to testify.
The record contains a sufficient showing that Brown was unavailable to testify at trial. See Fishman v. Liberty Associates, Inc., 196 So.2d 493, 497 (Fla. 3d DCA 1967), cert. discharged, 205 So.2d 657 (Fla. 1968). However, the trial court should not have allowed the use of the video deposition because Campbell was not notified of the taking of the deposition and was not present or represented by counsel at the deposition. See Arango v. Reyka, 507 So.2d 1211 (Fla. 4th DCA 1987); Brown v. Tanner, 164 So.2d 848 (Fla. 1st DCA 1964). At the time of Brown's deposition, Campbell had not yet been served in this lawsuit, and there is nothing in the record to demonstrate that Airport's counsel appeared on Campbell's behalf at the deposition.
We cannot construe the admission of Brown's deposition against Campbell as harmless error. There were only three witnesses to the accident: appellee, who was unable to recall how the accident occurred, Campbell, who insisted that he had the green light and Brown, who testified that appellee had the green light. Since Brown was the only witness who could offer testimony regarding the alleged negligence of Campbell, and Campbell did not have the opportunity to cross-examine Brown, use of Brown's deposition testimony at trial against Campbell resulted in a miscarriage of justice and requires reversal. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986); Arango, 507 So.2d at 1214.
Accordingly, we reverse the judgment in favor of appellee and remand this cause for a new trial. Because we have reversed the judgment in favor of appellee, we also reverse the trial court's judgment for costs. See Thornburg v. Pursell, 476 So.2d 323, 324 (Fla. 2d DCA 1985).
REVERSED and REMANDED.
STEVENSON, J. and MUIR, CELESTE H., Associate Judge, concur.