GREEN, J.
The state challenges the validity of the sentence imposed against appellee Zachary M. Alexander pursuant to his arraignment plea. We affirm.
In open court, the state filed a three count information charging Alexander with burglary of an unoccupied structure, petit theft, and possession of burglary tools. At the time, the prosecutor made an oral representation to the court that Alexander was a “Gort, violent career criminal” [1] and requested that the case be set for trial. The prosecutor did not, however, file any written notice of the state’s intent to seek an enhanced sentence under the “Gort Act” as prescribed by section 775.084(3)(b)l, Florida Statutes (1997).[2] *83 Later, during the course of the arraignment proceedings, Alexander decided to enter a plea of guilty to all charges in exchange for a thirty-month prison sentence as to the felony charges.[3] After the court accepted the plea and imposed sentence, the prosecutor voiced an objection stating that “the thirty-month plea is the bottom of the guidelines.”
On this appeal, the state argues that the trial court erred in accepting Alexander’s plea at the arraignment and sentencing him to a guideline sentence after the state orally informed the court that Alexander qualified as a violent career criminal under the Gort Act. Alexander correctly counters that this issue was not properly preserved for appellate review by an objection asserting this argument below. See Tillman v. State, 471 So.2d 32, 35 (Fla.1985); State v. Henriquez, 717 So.2d 1087, 1087 (Fla. 3d DCA 1998); Tinder v. State, 396 So.2d 272, 272 (Fla. 3d DCA 1981). In passing, we note that even if the state had voiced this specific objection to the sentence imposed against Alexander, a reversal would still not be warranted where the state failed to comply with the clear mandates of section 775.084(3)(b)l requiring it to provide written notice of its intent to seek an enhanced “Gort” sentence prior the entry of a plea or imposition of the sentence.[4] In the absence of the state’s written notice to seek an enhanced sentence, the trial court was under no statutory compulsion to consider or make necessary findings as to whether Alexander qualified as a violent career criminal pursuant to section 775.084 and was indeed free to simply impose a valid guideline sentence as was done in this case.
Thus, finding no error, we affirm Alexander’s conviction and sentence.
Affirmed.

. See § 775.084, Fla. Stat. (1997).

. This section provides:
(b) In a separate proceeding, the court shall determine whether the defendant is a violent career criminal with respect to a primary offense committed on or after October 1, 1995. The procedure shall be as follows:
1. Written notice shall be served on the defendant and the defendant's attorney a sufficient time prior to the entry of a plea or prior to the imposition of sentence in order to allow the preparation of a submission on behalf of the defendant.

. The court suspended entry of sentence on the misdemeanor charge.

. In all probability, we think that the state simply did not anticipate a plea at the arraignment of this cause. Since, however, pleas at arraignment may be validly taken by the court if the proper safeguards are taken, see Rolling v. State, 619 So.2d 20, 21 (Fla. 5th DCA 1993), we see no reason why the state could not have properly anticipated this situation and filed its written notice of enhancement simultaneously with the information.