747 So.2d 1028 (1999)
The STATE of Florida, Appellant,
v.
James BELL, Appellee.
No. 98-2805.
District Court of Appeal of Florida, Third District.
December 22, 1999.
*1029 Robert A. Butterworth, Attorney General, and Mark Rosenblatt, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Assistant Public Defender, for appellee.
Before GERSTEN, FLETCHER, and SORONDO, JJ.
FLETCHER, Judge.
The State of Florida appeals from the decision of the trial court to sentence the defendant, James Bell, under the guidelines despite his qualification as a violent career criminal. We affirm.
James Bell was charged by information with burglary with assault or battery while armed, unlawful possession of a firearm by a violent career criminal, attempted armed robbery, and attempted robbery. Prior to the plea, the State filed a general notice of intent to seek enhanced penalties pursuant to section 775.084, Florida Statutes (1997). Bell pled no contest and the trial court sentenced him to thirteen years on each count as an habitual felony offender, to run concurrently. After acceptance of the plea and imposition of sentence, the State perfunctorily objected on the basis that the defendant qualified to be sentenced as a violent career criminal.
The State failed to provide specific written notice of its intent to seek an enhanced "Gort" sentence under 775.084(3)(b)1, Florida Statutes (1997), prior to the plea. Section 775.084 contains the definitions, procedures, and sentencing penalties for three separate classificationsviolent career criminals (the Gort sentencing enhancements), habitual felony offenders, and habitual violent felony offenders. For the State to give notice, as it did in this case, to the defendant that it intends to seek "imposition of an enhanced penalty pursuant to 775.084, Florida Statutes" does not give the defendant any useful notice of what particular classification, and hence penalty, she or he may be subject to upon conviction.
Furthermore, the State did not preserve the issue for review by asserting the appropriate and specific objection below. In the absence of specific pre-plea notice and subsequent appropriate objection at sentencing, the lower court "was under no statutory compulsion to consider or make necessary findings as to whether [the defendant] qualified as a violent career criminal ... and was free to simply impose a valid guidelines sentence...." See State v. Alexander, 731 So.2d 82, 83 (Fla. 3d DCA 1999).
Affirmed.