773 So.2d 110 (2000)
Dennis J. FREEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1795.
District Court of Appeal of Florida, Fifth District.
December 15, 2000.
Dennis J. Freeman, Milton, pro se.
No Appearance for Appellee.
W. SHARP, J.
Freeman Appeals from the denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he sought collateral relief from his conviction and sentence of 40 years in prison, as an habitual offender. He sought to vacate his 1987 habitual offender sentence on two grounds: 1() he was improperly habitualized for two offenses arising out of the same criminal episode; and 2() his sentence is illegal because it exceeds the statutory maximum penalty for the offenses. Crews v. State, 567 So.2d 552 (Fla. 5th DCA 1990); Taylor v. State, 558 So.2d 1092 (Fla. 5th DCA 1990).
The trial court granted an evidentiary hearing on both grounds. The state conceded it had relied on two prior felonies contained in the same judgment of conviction to sentence Freeman as an habitual offender under section 775.084(1)(a). The trial court granted Freeman relief on the first ground and resentenced him to thirty years in prison as an habitual offender under section 775.084(1)(a)1, but it denied relief on the second ground.
We affirm. The second ground was raised in a prior motion dated May 4, 1992. *111 It was denied by the trial court in an order dated July 20, 1992, citing State v. Barnes, 595 So.2d 22 (Fla.1992). This court affirmed.[1] The order denying Freeman's post-conviction motion in this proceeding attached to it the order dated July 20, 1992, which establishes this ground was previously raised and ruled upon on the merits. Thus that ground is improperly raised again, and is successive. See Fla. R.Crim. P. 3.850(f); Greene v. State, 716 So.2d 279 (Fla. 5th DCA 1998).
AFFIRMED.
HARRIS and GRIFFIN, JJ., concur.
NOTES
[1] Freeman v. State, 605 So.2d 88 (Fla. 5th DCA 1992).