798 So.2d 824 (2001)
Joel SAMPSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-861.
District Court of Appeal of Florida, Third District.
October 31, 2001.
*825 Bennett H. Brummer, Public Defender, and Kenneth P. Speiller, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Steven R. Berger, Assistant Attorney General, for appellee.
Before COPE and GODERICH, JJ., and NESBITT, Senior Judge.
GODERICH, Judge.
A jury found the defendant guilty of attempted robbery and burglary of an occupied conveyance without an assault. Prior to sentencing, the State filed a notice seeking the "imposition of an enhanced penalty pursuant to [section] 775.084[,] Florida Statutes." The defendant was sentenced to thirty years as a habitual felony offender with a fifteen year minimum mandatory sentence as a prison releasee reoffender for both counts.
After filing this appeal, the defendant filed a motion below seeking to correct sentencing errors, pursuant to Rule 3.800(b), Florida Rules of Criminal Procedure. We agree with the defendant's contention that because the order ruling on the motion was filed more than 60 days after the motion was filed, it is deemed denied. Kimbrough v. State, 766 So.2d 1255, 1256 (Fla. 5th DCA 2000)(holding that order ruling on 3.800(b) motion to correct sentencing errors entered more that sixty days after motion filed "is deemed denied and any order rendered more than 60 days from the filing of the motion is a nullity"). As such, the defendant may raise the alleged sentencing errors on direct appeal.
First, the defendant contends that pursuant to State v. Bell, 747 So.2d 1028 (Fla. 3d DCA 1999), he must be resentenced under the guidelines because the State's general notice of intent to seek enhancement was deficient. We disagree.
In Bell, prior to the defendant entering a plea of guilty, the State filed its notice of intent to seek enhanced penalties pursuant to section 775.084, Florida Statutes. Section 775.084 contains definitions, procedures, and sentencing penalties for three separate classificationsviolent career criminals, habitual felony offenders, and habitual violent felony offenders. The notice of intent filed by the State did not specify under which classification it was seeking the enhanced penalty. The trial court sentenced the defendant under the guidelines as a habitual felony offender *826 despite the fact that the defendant qualified for sentencing as a violent career criminal. The State appealed the trial court's decision. This Court affirmed finding that the State's general notice "does not give the defendant any useful notice of what particular classification, and hence penalty, she or he may be subject to upon conviction." Bell, 747 So.2d at 1029. In addition, this Court found that the State failed to preserve the issue for appellate review because its objection was not specific. Id.
We find that Bell is not applicable to the instant case. In Bell, the notice of intent was filed prior to the defendant entering a plea of guilty, and therefore, the defendant was not given useful notice of the particular sentence the State would be seeking upon his plea of guilty. Also, the State sought to sentence the defendant as a violent career criminal, the most severe of the three classifications provided in section 775.084. On the other hand, in the instant case, the notice of intent to seek enhanced penalties was filed after a jury found the defendant guilty. The State sought to sentence the defendant as a habitual felony offender, the least harsh of the three classifications provided in section 775.084. Moreover, the record indicates that the defendant stipulated to his prior convictions and was fully aware that the State was seeking an enhanced penalty as a habitual felony offender. Nevertheless, even if Bell is applicable, we find that this issue was not preserved for appellate review because the defendant did not argue that the general notice to seek enhanced penalties was deficient. Therefore, the imposition of the habitual felony offender sentence was appropriate.
Next, as the State properly concedes, the defendant's sentence for attempted robbery exceeds the statutory maximums. The defendant was sentenced to thirty years as a habitual felony offender with a fifteen year minimum mandatory sentence as a prison releasee reoffender for both counts. The maximum sentence for the third degree felony of attempted robbery is ten years as a habitual felony offender, see § 775.084(4)(a)3, Fla. Stat. (2001), with a five year minimum mandatory as a prison releasee reoffender. See § 775.082(9)(a)3 d, Fla. Stat. (2001). We must, remand this cause for resentencing to not exceed the statutory maximums.
With regard to his conviction for burglary of an occupied conveyance without an assault, the defendant challenges the fifteen year minimum mandatory sentence as a prison releasee reoffender. The defendant correctly argues that the crime of burglary of an occupied conveyance is not a qualifying offense under the prison releasee reoffender statute. § 775.082(9)(a)1, Fla. Stat. (2001). The State, however, argues that the defendant nonetheless qualifies as prison releasee reoffender under section 775.082(9)(a)1 o because the burglary involved "the use or threat of physical force or violence against an individual." We disagree with the State's argument because the jury specifically found that the burglary was committed without an assault. As such, the imposition of the fifteen year minimum mandatory sentence as a prison releasee reoffender is reversed.
Finally, although sentencing under the habitual felony offender statute is permissive, see Burdick v. State, 594 So.2d 267 (Fla.1992), the record reveals that the trial court incorrectly believed that sentencing under the habitual felony offender statute was mandatory. This cause is, therefore, remanded for the trial court to reconsider the habitual felony offender sentence.
The remaining issues raised by the defendant lack merit.
*827 Affirmed in part, reversed in part, and remanded for resentencing consistent with this opinion.