813 So.2d 132 (2002)
Jerome BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-3493.
District Court of Appeal of Florida, Fifth District.
March 8, 2002.
Rehearing Denied April 17, 2002.
*133 Jerome Brown, Raiford, pro se.
No Appearance for Appellee.
SHARP, W., J.,
Brown appeals from the denial of his post-conviction motion pursuant to Florida Rule of Criminal Procedure 3.850 or 3.800(a). He presents two arguments: first, that he was sentenced as an habitual felony offender without being served with a notice of intent; and second, that the court erred in using a conviction for which he was serving community control as a predicate offense for habitualization. We affirm.
This has been an overly appealed case, and it should end here. It began with Brown's nolo contendere plea in August 1992, and his sentences in ten different cases encompassing twelve counts, as a violent habitual offender. He appealed and, in December 1993, this court corrected a sentence in one case and affirmed the balance. Brown v. State, 627 So.2d 624 (Fla. 5th DCA 1993), rev. dismissed, 634 So.2d 622 (Fla.1994).
He then filed a motion pursuant to Florida Rule of Criminal Procedure 3.850, attacking his sentences on three bases. First, he claimed that the trial court erred in imposing an habitual violent felony offender sentence because section 775.084 is applied in a racially disparate manner. Second, he claimed that defense counsel did not object to an illegal sentence, although the trial court modified the sentence so that it was legal, and consistent with the plea bargain. And third, he claimed that the court erred in using a conviction for which Brown was serving community control as a predicate offense for habitualization. The trial court denied relief and this court PCA'd his appeal which followed.
He next filed a rule 3.800(a) or 3.850 motion, claiming his incarceration was illegal on three grounds: he was sentenced as an habitual felony offender without being served with notice of intent, he was improperly sentenced as an habitual felony offender for a first-degree felony, and the court erred in using a conviction for which defendant was serving community control as a predicate offense for habitualization. This court again PCA'd. Brown v. State, 746 So.2d 461 (Fla. 5th DCA 1999).
Brown then sought a writ of habeas corpus in this court, claiming he was entitled to immediate release. He raised the same three issues he presented in his prior motion, but he added one additional claim: that he had been sentenced as an habitual felony offender without being advised of all the consequences. This court denied relief on January 4, 2000 and rehearing on January 24, 2000.
In this current round of pleading, Brown filed a petition for writ of habeas corpus in the Florida Supreme Court. He reasserted the following issues: that he was sentenced as an habitual felony offender without being served with notice of intent, and that the court erred in using a conviction for which he was serving community control as a predicate offense for habitualization. The Florida Supreme Court transferred the case to the trial court with directions to treat it as a motion for relief pursuant to rule 3.850 or 3.800(a).
As the trial court found, and we agree, the first two issues are successive and thus improper, since they were raised in Brown's 1999 motion which the trial court denied and this court affirmed. See Brown v. State, 746 So.2d 461 (Fla. 5th DCA 1999). Further, if this proceeding is deemed a rule 3.850 motion, it is time barred.
With regard to Brown's argument that the state's doctrine of procedural default should not be applied and State v. *134 Thompson, 735 So.2d 482 (Fla.1999) should be retroactively applied, we disagree. Thompson merely discussed Ashley v. State, 614 So.2d 486 (Fla.1993) in noting the statute's requirement that the defendant be given written notice of intent to habitualize. It was not a holding that Ashley be retroactively applied. Further, defects in the habitualization process such as a lack of written notice, do not result in an illegal sentence. An habitual offender sentence will only be deemed "illegal" under rule 3.800(a) if it can be determined from the face of the record that it could not have lawfully been imposed. See Bover v. State, 797 So.2d 1246 (Fla.2001); Summers v. State, 747 So.2d 987 (Fla. 5th DCA 1999). See also Carter v. State, 786 So.2d 1173 (Fla.2001).
Brown's claims were successive when he made them in his petition for writ of habeas corpus filed in the court in 1999. They are now an additional layer more successive even if considered to be rule 3.800(a) claims. Although rule 3.800(a) allows a claim of illegal sentence to be raised at any time, it does not obviate the law of the case doctrine. See Raley v. State, 675 So.2d 170 (Fla. 5th DCA 1996). See also Freeman v. State, 773 So.2d 110 (Fla. 5th DCA 2000); Vaughan v. State, 765 So.2d 56 (Fla. 4th DCA 2000).
Because we conclude that Brown's claims are successive and improper and are barred by the law of the case doctrine, we caution Brown against bringing additional frivolous claims in this court which present the same issues. See Isley v. State, 652 So.2d 409 (Fla. 5th DCA 1995).
AFFIRMED.
THOMPSON, C.J., and ORFINGER, R.B., J., concur.