817 So.2d 934 (2002)
Terrance COOPER, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-825.
District Court of Appeal of Florida, Third District.
May 15, 2002.
Rehearing Denied June 14, 2002.
Terrance Cooper, in proper person.
Robert A. Butterworth, Attorney General, for appellee.
Before COPE, FLETCHER and SHEVIN, JJ.
PER CURIAM.
Terrance Cooper appeals an order denying his motion to correct illegal sentence. First, defendant-appellant Cooper claims that the habitualization notice filed in his case was not sufficiently specific in indicating what portion of the habitual offender statute the State intended to pursue. A notice deficiency of this type does not render a sentence "illegal," for purposes of Florida Rule of Criminal Procedure 3.800(a). Such a claim must be raised by motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. See Brown v. State, 813 So.2d 132 (Fla. 5th DCA 2002). Under Rule 3.850, this claim is time-barred.
Assuming for purposes of discussion that there were no procedural bar, the claim is in any event without merit. See Sampson v. State, 798 So.2d 824 (Fla. 3d DCA 2001).
Affirmed.