882 So.2d 1082 (2004)
Kenneth WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-4547.
District Court of Appeal of Florida, Fourth District.
September 1, 2004.
Rehearing Denied October 25, 2004.
Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Sue Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, C.J.
We affirm a final judgment and civil commitment under the Jimmy Ryce Act (JRA) §§ 394.910-.931, Fla. Stat. (2003). Defendant raised two issues on appeal, only one of which merits discussion.[1] The *1083 issue is whether it is improper for the State's lawyer in a JRA trial to argue in closing argument that defendant failed to present any contrary expert opinion as to whether he is likely to engage in acts of sexual violence if he is not confined in a secure facility.[2] Because JRA trials are civil, not criminal, we hold that it is not per se improper for the State to argue the failure of a JRA defendant to adduce contrary expert testimony on the propensity issue.
The facts underscore the issue confronting us. At the JRA commitment trial, the state produced the testimony of a licensed psychologist as an expert witness on the issue of defendant's alleged propensity to commit acts of sexual violence. As required by JRA,[3] he evaluated defendant to determine whether he ought to be prosecuted as a sexually violent predator. He testified that defendant had such a propensity and was likely to commit new sexually violent offenses if he was not involuntarily committed. He was the only expert to testify during the trial, and defendant offered no expert testimony to challenge the opinions of the State's expert.
During closing argument, counsel for State commented as follows:
"I submit to you the evidence is clear. The defense never put on an expert to counter [the State's expert witness]. You heard from one expert."
Defense counsel objected on the grounds that defendant did not bear the burden of presenting any evidence. The trial judge overruled the objection, saying that that the State was "entitled to comment."
We agree. Counsel's remarks were confined to the evidence. See Airport Rent-A-Car, Inc. v. Lewis, 701 So.2d 893, 896 (Fla. 4th DCA 1997) (attorney's closing remarks "must be confined to the evidence, the issues and inferences that can be drawn from the evidence."). While our holding is not novel, we write to underscore the civil nature of JRA trials and to clarify the governing rule.
JRA explicitly provides for civil proceedings. § 394.9155(1), Fla. Stat. (2003) (providing the Rules of Civil Procedure apply to commitment proceedings). The State has the burden of proof by clear and convincing evidence that a JRA defendant's mental condition requires continued confinement and that "if released, [he] is likely to engage in acts of sexual violence." § 394.918(4), Fla. Stat. (2004). Our state supreme court upheld the constitutionality of JRA in Westerheide v. State, 831 So.2d 93 (Fla.2002) (finding that the clear and convincing standard of proof satisfies constitutional due process requirements).
Critically in Westerheide, the supreme court held that involuntary commitment proceedings under JRA are civil, not criminal in nature. 831 So.2d at 100 ("While `the civil label is not always dispositive,' the Legislature's stated intent should be rejected only where the challenging party presents `the clearest proof' that `the statutory scheme [is] so punitive either in purpose or effect as to negate [the State's] intention' that the proceeding be civil."). If any doubt as to the nature of these trials remained, in State v. Harris, 881 So.2d 1079, 1084-85, (Fla. 2004), the supreme *1084 court repeated that JRA trials are civil in nature, not criminal.
In civil cases, attorneys are afforded great latitude in presenting closing arguments, as long as their comments are confined to arguing the application of law to the evidence presented in the case, as well as logical deductions therefrom. Murphy v. Int'l Robotic Systems, Inc., 766 So.2d 1010, 1028 (Fla.2000); Airport Rent-A-Car, Inc. v. Lewis, 701 So.2d at 896. In this case, counsel's argument constituted fair comment on the record evidence which, as it stood, lacked any defense rebuttal of the testimony by the state's expert as to defendant's propensity to commit new sexually violent offenses.[4]See Rutherford v. Lyzak, 698 So.2d 1305 (Fla. 4th DCA 1997) (finding trial court abused its discretion in sustaining objection to prejudicial closing remarks when the "arguments were fair comment on the evidence").
Defendant says that counsel's argument improperly led the jury to believe he carried the burden of introducing evidence. He relies solely on authority in criminal trials holding that the state may not comment on a defendant's failure to produce evidence or refute an element of the crime charged. See, e.g., Jackson v. State, 575 So.2d 181, 188 (Fla.1991) ("state cannot comment on [criminal] defendant's failure to produce evidence"); Jackson v. State, 832 So.2d 773 (Fla. 4th DCA 2002). Criminal authorities do not apply to JRA trials. See Pedroza v. State, 773 So.2d 639, 640-41 (Fla. 5th DCA 2000) (applying civil authority in analysis of closing argument in JRA trial); Green v. State, 826 So.2d 351, 353 (Fla. 2d DCA 2002) (applying civil harmless error standard to assess error relating to expert's opinion on propensity). We decline to import the criminal rule to JRA civil trials. See Lee v. State, 854 So.2d 709, 714 (Fla. 2d DCA 2003) (declining to apply criminal case law to evidentiary appeal in JRA case because issue is civil in nature).
AFFIRMED.
GROSS and MAY, JJ., concur.
NOTES
[1] We reject without discussion the argument that JRA requires that a commitment action follow imprisonment for an enumerated sexually violent offense. See Tabor v. State, 864 So.2d 1171 (Fla. 4th DCA 2004) (rejecting same argument; certifying question).
[2] § 394.912(10(b), Fla. Stat. (2003)) ("`Sexually violent predator' means any person who ... suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment.").
[3] See § 394.913(3), Fla. Stat. (2003) (requiring multi-disciplinary evaluation prior to state's petition for involuntary commitment).
[4] We note that JRA expressly enables defendants to retain their own expert witnesses. § 394.916(4), Fla. Stat. (2004).