895 So.2d 1141 (2005)
Otis WASHINGTON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-1678.
District Court of Appeal of Florida, Fourth District.
February 9, 2005.
Rehearing Denied April 6, 2005.
*1142 Carey Haughwout, Public Defender, and Richard B. Greene, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING OR RECONSIDERATION
PER CURIAM.
We grant the State's motion for rehearing. As a result, we withdraw our previous opinion and substitute this opinion in its place.
Otis Washington was convicted of carjacking and burglary of a conveyance with an assault. He was sentenced to life in prison as a habitual offender with a mandatory minimum of thirty years as a prison releasee reoffender for the carjacking and life in prison without parole as a prison releasee reoffender for the burglary. Washington subsequently filed a Motion to Correct Sentencing Error which the trial court denied. Washington raises three points on appeal. We affirm.
Washington asserts, inter alia, that the State's notice of intent to seek a habitual felony offender sentence was a "shotgun" notice encompassing all sentencing schemes under Florida Statutes section 775.084. The notice of intent states:
COMES NOW the State of Florida, by and through its undersigned Assistant State Attorney, and hereby requests this Honorable Court to declare the above-named Defendant to be an "Habitual Felony Offender", an "Habitual Violent Felony Offender", "A Three-Time Violent Felony Offender", or a "Violent Career Criminal", pursuant to Section 775.084, Florida Statutes.
As a result, Washington contends that he had no notice of the precise sentencing enhancement being sought by the State. The State's only response is that Washington was specifically notified that a prison releasee reoffender enhancement was being sought by the State. However, this notification was accomplished by a separate notice of intent.
Washington cites a Third District case in support of his contention. In State v. Bell, 747 So.2d 1028 (Fla. 3d DCA 1999), the State filed a general notice of intent to seek an enhanced sentence under section 775.084. Id. at 1029. Following a plea agreement, the trial court sentenced Bell as a habitual felony offender, and the State objected that he was eligible to be sentenced as a violent career criminal. Id. On appeal, the Third District addressed the State's contention in dicta:
The State failed to provide specific written notice of its intent to seek an enhanced "Gort" sentence under 775.084(3)(B)1., Florida Statutes (1997), prior to the plea. Section 775.084 contains the definitions, procedures, and sentencing penalties for three separate classifications  violent career criminals (the Gort sentencing enhancements), habitual felony offenders, and habitual violent felony offenders. For the State to give notice, as it did in this case, to the defendant that it intends to seek "imposition of an enhanced penalty pursuant to 775.084, Florida Statutes" does not give the defendant any useful notice of what particular classification, and hence *1143 penalty, she or he may be subject to upon conviction.
Id.
However, a subsequent Third District case distinguished Bell on three bases in dicta:
In Bell, the notice of intent was filed prior to the defendant entering a plea of guilty, and therefore, the defendant was not given useful notice of the particular sentence the State would be seeking upon his plea of guilty. Also, the State sought to sentence the defendant as a violent career criminal, the most severe of the three classifications provided in section 775.084. On the other hand, in the instant case, the notice of intent to seek enhanced penalties was filed after a jury found the defendant guilty. The State sought to sentence the defendant as a habitual felony offender, the least harsh of the three classifications provided in section 775.084. Moreover, the record indicates that the defendant stipulated to his prior convictions and was fully aware that the State was seeking an enhanced penalty as a habitual felony offender.
Sampson v. State, 798 So.2d 824, 826 (Fla. 3d DCA 2001).
We believe that Washington's reliance on Bell is misplaced. This conclusion is due to the fact that we disagree that a "shotgun" notice fails to provide specific notice of the State's intent to seek an enhanced sentence. This is the case because the notice of intent serves to provide a defendant with notice that his entire criminal record will be placed at issue and that he should prepare to refute any errors in that record (i.e., he was not the person convicted, he was not convicted of a certain offense, his conviction was vacated on appeal). When a "shotgun" notice informs a defendant that he is subject to all sentencing schemes under section 775.084, a defendant is given all the notice necessary to prepare for sentencing in his case. A different scenario might exist where the State notices only the lowest enhancement and then attempts to seek the highest, especially if different qualifying convictions are involved, but this distinction as recognized to be a difference between Bell and Sampson, does not apply in Washington's case. He was given a notice of intent that he would be subject to an enhanced sentence under any of the provisions of section 775.084, and it was his responsibility to prepare accordingly.
AFFIRMED.
GUNTHER, STEVENSON and HAZOURI, JJ., concur.