898 So.2d 1058 (2005)
Juan Carlos FORCELLEDO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-208.
District Court of Appeal of Florida, Third District.
March 16, 2005.
*1059 Juan C. Forcelledo, in proper person.
Charles J. Crist, Jr., Attorney General, for appellee.
Before COPE, CORTINAS and ROTHENBERG, JJ.
COPE, J.
Juan C. Forcelledo appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. He was sentenced as a violent career criminal and seeks to set aside that designation. He maintains that the State's notice of enhanced penalty filed in his case was deficient. The trial court correctly rejected this claim.
The State filed a notice of its intention to seek an enhanced penalty which read as follows:
NOTICE OF STATE'S INTENTION TO SEEK ENHANCED PENALTY PURSUANT TO F.S. 775.084 AND REQUEST FOR ORDER FOR PRE-SENTENCE INVESTIGATION REPORT
COMES NOW KATHERINE FERNANDEZ RUNDLE, State Attorney of the Eleventh Judicial Circuit of Florida, by and through the undersigned Assistant State Attorney, and gives notice that the defendant qualifies for an enhanced penalty pursuant to 775.084 Florida Statutes, as a:
[X] Habitual felony offender;
[X] Habitual violent felony offender;
[ ] Three-time violent felony offender;
[X] Violent career criminal,
And upon conviction of the defendant in the above-styled cause, the State will seek imposition of any of the aforementioned enhanced penalties. The State further requests that upon conviction, this Court order the Florida Parole and Probation Commission to prepare and deliver to the Court a pre-sentence investigation report on said defendant.
Defendant-appellant Forcelledo argues that this notice is deficient for being insufficiently particularized. He contends that it is impermissible for the State to seek an enhanced penalty under more than one statutory provision. The defendant is incorrect.
The notice advises the defendant of the specific statutory classifications the State intends to rely on in seeking an enhanced sentence. The State is allowed to give notice under as many classifications as it chooses, where the State is prepared to show that the defendant meets the statutory criteria.
The defendant claims that the decision in State v. Bell, 747 So.2d 1028 (Fla. 3d DCA 1999), invalidates this notice. That is not so. In Bell there was no specification of any specific statutory classification. In the present case the notice identified the specific statutory classifications the State intended to rely on.[*]
Affirmed.
NOTES
[*] This notice would be more than sufficient in the Fourth District. See Washington v. State, 895 So.2d 1141 (Fla. 4th DC 2005) (granting rehearing) (approving blanket notice under section 775.084, Florida Statutes).

This court's Bell decision has been limited in certain respects by the later decision in Sampson v. State, 798 So.2d 824 (Fla. 3d DCA 2001).