898 So.2d 1082 (2005)
Nadrian BUTTS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-235.
District Court of Appeal of Florida, Third District.
March 23, 2005.
*1083 Nadrian Butts, in proper person.
Charles J. Crist, Jr., Attorney General, for appellee.
Before COPE, FLETCHER and WELLS, JJ.
PER CURIAM.
Nadrian Butts appeals an order denying his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). He argues that the general notice of enhancement under section 775.084, Florida Statutes (1999), filed in his case gave insufficient notice that the State would seek to have him adjudicated a habitual offender.
First, Rule 3.800(a) cannot be used to attack the sufficiency of a notice of enhancement. See Cooper v. State, 817 So.2d 934 (Fla. 3d DCA 2002).
Second, this court has indicated that a general notice of habitualization is sufficient where the defendant is sentenced "as a habitual felony offender, the least harsh of the ... classifications provided in section 775.084." Sampson v. State, 798 So.2d 824, 826 (Fla. 3d DCA 2001).
Finally, defendant-appellant Butts objects to his being resentenced as a habitual offender on remand from Butts v. State, 855 So.2d 266 (Fla. 3d DCA 2003), after the defendant had previously been sentenced as a habitual offender. Under the terms of the remand, there was no limitation on the sentence which could be imposed. In that situation, the defendant is clearly on notice that the State may *1084 again seek to have the defendant adjudicated a habitual offender.
For all of the above reasons, the motion to correct illegal sentence was appropriately denied.
Affirmed.