899 So.2d 428 (2005)
Evans REESE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-209.
District Court of Appeal of Florida, Third District.
April 6, 2005.
*429 Evans Reese, in proper person.
Charles J. Crist, Jr., Attorney General, and Robin F. Hazel, Assistant Attorney General, for appellee.
Before GERSTEN, SHEPHERD, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The defendant appeals from the trial court's denial of his motion to correct an illegal sentence pursuant to Florida Rules of Criminal Procedure 3.800(a). The defendant claims that pursuant to Washington v. State, 29 Fla. L. Weekly D2011, 2004 WL 1933114 (Fla. 4th DCA Sept. 1, 2004), withdrawn and superseded on rehearing by, 895 So.2d 1141 (Fla. 4th DCA 2005), that the State's general notice of intent to seek an enhanced penalty pursuant to section 775.084, Florida Statutes, was insufficient notice thus subjecting him to an illegal sentence. We affirm.
In Cooper v. State, 817 So.2d 934 (Fla. 3d DCA 2002), this court concluded that a notice deficiency of this type is not an illegal sentence and therefore must be raised in a Motion For Post Conviction Relief pursuant to Florida Rules of Criminal Procedure 3.850. The defendant's sentence became final on December 4, 1996. As the defendant may only file motions pursuant to Rule 3.850 within two years from the date his sentence became final, the defendant is procedurally barred from *430 seeking the relief requested.[1]
We additionally note that the Fourth District Court of Appeal has withdrawn its opinion in Washington, 29 Fla. L. Weekly D2011 (Fla. 4th DCA Sept. 1, 2004), and has substituted the following:
We believe that Washington's reliance on [State v.] Bell, [747 So.2d 1028 (Fla. 3d DCA 1999)] is misplaced. This conclusion is due to the fact that we disagree that a "shotgun" notice fails to provide specific notice of the State's intent to seek an enhanced sentence. This is the case because the notice of intent serves to provide a defendant with notice that his entire criminal record will be placed at issue and that he should prepare to refute any errors in that record (i.e., he was not the person convicted, he was not convicted of a certain offense, his conviction was vacated on appeal). When a "shotgun" notice informs a defendant that he is subject to all sentencing schemes under section 775.084, a defendant is given all the notice necessary to prepare for sentencing in his case. A different scenario might exist where the State notices only the lowest enhancement and then attempts to seek the highest, especially if different qualifying convictions are involved, but this distinction as recognized to be a difference between Bell and Sampson [v. State, 798 So.2d 824 (Fla. 3d DCA 2001)], does not apply in Washington's case. He was given a notice of intent that he would be subject to an enhanced sentence under any of the provisions of section 775.084, and it was his responsibility to prepare accordingly.
Washington, 895 So.2d 1141 (Fla. 4th DCA 2005).
In light of the Fourth District's decision and because like the defendant in Bell, the defendant was convicted following a jury verdict, not a plea agreement, the defendant is not entitled to relief.
Affirmed.
NOTES
[1] While the defendant's conviction was affirmed on December 4, 1996, the defendant claims he was not informed of this fact until June 24, 1999. Thus, even if we were to extend the two-year time limit to run from the date he claims he received notice, the defendant would have been required to file his 3.850 motion by July 24, 2001.