PER CURIAM.
Andre Adams appeals an order denying his motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm in part and reverse in part.
According to the State response, defendant-appellant Adams was found guilty of strong-arm robbery and resisting a law enforcement officer without violence.[1] On direct appeal, this court issued an affir-mance. Adams v. State, 878 So.2d 400 (Fla. 3d DCA 2004).
The defendant filed his motion to correct illegal sentence, which would also be timely if treated as a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. In his first issue, the defendant raises a double jeopardy claim. He states that he was sentenced on the robbery count as a violent career criminal (“VCC”) to forty years of incarceration with a thirty year mandatory minimum sentence. He also maintains that he was sentenced on the same count to fifteen years with a mandatory minimum sentence of fifteen years as a prison releasee reof-fender (“PRR”).
The limited record now before us contains an excerpt of the sentencing transcript. The excerpt appears to say that the VCC and PRR were not both to be imposed on the defendant. Instead, the two were alternatives for each other, such that the PRR sentence would be imposed only if the VCC sentence were struck down.[2] However, the complete sentencing transcript was not sent up as part of the postconvietion record. We therefore remand for the trial court to determine (a) what sentence was orally pronounced, and (b) whether the written sentencing orders are consistent with the oral pronouncement. Until that issue is resolved, we need not entertain the double jeopardy claim.
On the second point, there was no defect in the notice of habitualization. See Forcelledo v. State, 898 So.2d 1058, 1059 (Fla. 3d DCA 2005). On the third point, *965 the imposition of alternative sentencing orders does not constitute vindictive sentencing.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.

. Based on the lower tribunal number, the crime date was apparently in 2001.

. In the defendant’s direct appeal, the issue raised was whether he actually qualified as a VCC.