On Motion for Rehearing

WARNER, J.
We grant rehearing to the extent that we write to address appellant’s contention that the state’s “shotgun” notice informing appellant that the state would seek a habitual offender sentence was deficient. That issue is governed by Washington v. State, 895 So.2d 1141 (Fla. 4th DCA 2005), jurisdiction pending, No. SC05-850 wherein we held that a “shotgun notice” pursuant to section 775.084, Florida Statutes, provided a defendant with adequate notice of the state’s intent to seek enhanced sentencing under all provisions of that statute. Monfiston seeks our affirmative statement on this issue so that he too can raise this issue to the supreme court.
Since Washington was rendered in February 2005, at least twenty-eight cases have relied on its holding, according to a citation check. So far, the Second, Third, and Fifth Districts have all cited Washington with approval. See, e.g., Royal v. State, 908 So.2d 1167 (Fla. 2d DCA 2005); Reese v. State, 899 So.2d 428 (Fla. 3d DCA 2005); Barfield v. State, 909 So.2d 940 (Fla. 5th DCA 2005). There are undoubtedly more cases in the pipeline which raise this issue, and we are aware of numerous cases which have raised this issue in post-conviction proceedings just in our court alone, but which we have affirmed without any opinion. Conservatively, we would estimate that at least 100 cases raised this issue while Washington was pending on rehearing. The issue has vast implications to the criminal justice system.
We agree that appellant should be given the same opportunity to seek further review as we have provided in other cases by mentioning an affirmance on the authority of Washington.
We also note that in our original opinion we remanded for correction of a clerical error in the judgment. After our opinion was issued, we were informed that a corrected judgment had been entered in 2004, but the Clerk of Court had not forwarded it to our court. We thus vacate that portion of our original opinion requiring correction of the final judgment.
STEVENSON, C.J., and MAY, J., concur.