KLEIN, J.
Ocwen appeals a jury verdict awarding two of its former employees approximately $1 million dollars each in compensatory damages for violating the Florida Civil Rights Act, the Florida Whistleblower Act, and for negligent supervision and retention of an employee. We affirm on all issues and address two, whether the “send a message” closing argument was improper, and whether a new trial argument was preserved where there was an objection, but no motion for mistrial.
The factual basis for the main claim was that a male employee had been peeping through the ceiling of the women’s restroom, had made revealing videotapes, had shared the information with other employees, and that the employer had permitted the workplace to be turned into a hostile environment of sexual harassment. During closing argument, the plaintiffs suggested to the jury that it should send a message “loud and clear from this courtroom that you are not going to permit these corporations to treat these people this way.” The trial court overruled objections to the comments, and plaintiffs counsel continued to pursue that theme. The cases relied on by Ocwen for its argument that this was error include Kloster Cruise Ltd. v. Grubbs, 762 So.2d 652, 554-55 (Fla. 3d DCA 2000) (granting a new trial after counsel encouraged the jury to send a message to the defendant by its verdict), and Murphy v. Murphy, 622 So.2d 99, 102 (Fla. 2d DCA 1993) (closing argument encouraging the jury to “send a message” is *482 “unquestionably improper and highly prejudicial”).
Plaintiffs respond by explaining that the cases relied on by Ocwen did not include punitive damage claims, and in the present case, although the jury did not award punitive damages, claims for punitive damages were submitted to the jury. In its reply brief Ocwen argues that the “send a message” is never proper, and relies primarily on language in this court’s opinion in Airport Rent-A-Car, Inc. v. Lewis, 701 So.2d 893 (Fla. 4th DCA 1997), in which plaintiffs counsel stated:
Tomorrow you get to go home and tell everyone about this ease that you sat on and I want you to tell them what you get in Broward County if a taxi driver runs a red light and injures somebody ... I wish you could punish them, but you can’t.
This court reversed, explaining:
We hold that this comment constituted an impermissible conscience of the community argument. A conscience of the community argument “extends to all impassioned and prejudicial pleas intended to evoke a sense of community law through common duty and expectation.” Blue Grass Shows, Inc. v. Collins, 614 So.2d 626, 627 (Fla. 1st DCA), rev. denied, 624 So.2d 264 (Fla.1993). Generally where an argument is not otherwise inflammatory or egregious, an isolated statement is only harmful if coupled with an argument for punitive damages. See Florida Crushed Stone Co. v. Johnson, 546 So.2d 1102 (Fla. 5th DCA 1989) ... Counsel’s caveat to the jury, “I wish you could punish [appellant], but you can’t,” did not mitigate the prejudicial impact of his statement. Rather, we conclude that counsel’s statement planted the seed to motivate the jury to include a punitive aspect in the damage award, (emphasis added.)
Ocwen reads the emphasized statement as prohibiting “conscience of community” or “send a message” arguments in punitive damage cases. Lewis, however, did not involve a claim for punitive damages. The point we were making in Lewis is that such an argument could motivate a jury to be punitive. Ocwen’s argument that this type of argument cannot be used in a punitive damage case ignores that “[pjunishment and deterrence are the policies underlying punitive damages.” W.R. Grace & Co. v. Waters, 638 So.2d 502, 504 (Fla.1994). Ocwen cites no punitive damage cases which prohibit this type of argument.
The second issue relates to a motion in limine by Ocwen to preclude any reference to the fact that the peeping employee had been arrested, which the court granted. When an Ocwen manager was testifying as an adverse witness during plaintiffs’ case, however, he blurted out that the employee had been arrested. Ocwen objected, asked the court for a curative instruction, and the court gave one. The arrest came out several additional times during the trial, and each time Ocwen’s objections were sustained and, if requested, a curative instruction was given. Significantly, Ocwen did not move for a mistrial, but now argues that this was so prejudicial as to require a new trial.
The plaintiffs argue that, because Ocwen did not move for a mistrial, any error involving the testimony about the employee’s arrest was not preserved. They cite cases such as Grau v. Branham, 761 So.2d 375 (Fla. 4th DCA 2000), and Weise v. Repa Film International, 683 So.2d 1128 (Fla. 4th DCA 1996), which hold that a motion for mistrial is necessary to preserve for review an issue relating to an improper comment, if an objection to the comment has been sustained in the trial court. See also Roundtree v. State, 362 So.2d 1347 (Fla.1978).
*483 Ocwen argues that it is no longer necessary to move for a mistrial, if an objection has been sustained, because of section 90.104(l)(b), Florida Statutes (2003). The statute provides that “... if the court has made a definitive ruling on the record ... excluding evidence, either at or before trial, a party need not renew an objection ... to preserve a claim of error for appeal.” If Ocwen had believed that the reference to the employee having been arrested was so prejudicial as to be incurable by objection and curative instruction, it had the option of moving for a mistrial, a far more drastic remedy. The statute, however, only addresses objections, not motions for mistrial. If the legislature had meant to relieve a party from having to move for a mistrial it would have said so, and in the absence of such a statement we cannot assume that the cases requiring a motion for mistrial have been overruled.
We have considered the other issues raised by Ocwen and find that they are without merit.

Affirmed.

POLEN and MAY, JJ., concur.