ROTHENBERG, J.
 

 Evans Reese (“Reese”), a frequent appellant in this Court,
 
 [1]
 
 makes yet another appearance regarding a 1994 case in which he was convicted of two counts of armed robbery. Reese is now appealing the trial
 
 *652
 
 court’s denial of his motion to compel the State Attorney’s Office to release all written statements and depositions by Nelson Lopez and Arnold Guerra pursuant to his public records request filed on September 29, 2006. The operative facts are as follows.
 

 On or about September 29, 2006, Reese sought a copy of the entire prosecutor’s file in the instant case. On January 8, 2007, the State Attorney’s Office sent Reese “a true and correct copy of the State Attorney’s file,” along with a cover letter encouraging him to contact Avilio Alfonso, the records specialist with the Miami-Dade County State Attorney’s Office, if he needed further assistance. On July 18, 2008, approximately one-and-a-half years later, Reese sent a letter to the State Attorney’s Office alleging that he had not received certain requested depositions and discovery. The State responded that it had sent him a complete copy of the file and that pursuant to statutory authority, the file had been destroyed. In response, Reese filed a motion to compel the production of these materials, which was denied by the trial court.
 

 Because we find no error, we affirm. The State sent Reese a copy of his file in January of 2006. Pursuant to section 119.021(2), Florida Statutes (2007),
 
 [2]
 
 the file was destroyed in 2007, thereby making it impossible for the trial court to grant Reese’s motion to compel its production.
 

 Affirmed.
 

 [1]
 

 .
 
 See Reese v. State,
 
 936 So.2d 579 (Fla. 3d DCA 2006);
 
 Reese v. State,
 
 972 So.2d 194 (Fla. 3d DCA 2007);
 
 Reese v. State,
 
 899 So.2d 428 (Fla. 3d DCA 2005);
 
 Reese v. State,
 
 814 So.2d 1053 (Fla. 3d DCA 2002);
 
 Reese v. State,
 
 789 So.2d 1000 (Fla. 3d DCA 2001);
 
 Reese v. State,
 
 782 So.2d 882 (Fla. 3d DCA 2001);
 
 Reese
 
 v.
 
 State,
 
 770 So.2d 689 (Fla. 3d DCA 2000);
 
 Reese v. State,
 
 753 So.2d 800 (Fla. 3d DCA 2000);
 
 Reese v. State,
 
 683 So.2d
 
 *652
 
 645 (Fla. 3d DCA 1996) (affirming Reese’s convictions and sentence on direct appeal).
 

 [2]
 

 . Pursuant to the General Records Schedule G59 for State Attorneys, the State Attorney's office is only required to retain files for adult felony cases for one year after disposition. However, the State Attorney’s Office has adopted a records retention policy which requires retention of records for first degree felonies for ten years after the case is closed. Because the convictions and sentence were affirmed in 1996, the file was properly destroyed in 2007.